THE PEOPLE *ex rel*. THE DIRECTOR OF THE DEPARTMENT OF CORRECTIONS, Plaintiff-Appellant, v. LONNIE BOOTH, Defendant-Appellee.

Third District   No. 3—03—0821

Opinion filed September 2, 2004.

Lisa Madigan, Attorney General, of Chicago (Gary S. Feinerman, Solicitor General, and Jan E. Hughes, Assistant Attorney General, of counsel), for appellant.

No brief filed for appellee.

JUSTICE McDADE delivered the opinion of the court:

The plaintiff, the Director of the Department of Corrections (DOC), sued the defendant, Lonnie Booth, an inmate in the DOC, to recover the costs of the defendant's incarceration. The circuit court judge entered an order for summary judgment in favor of the plaintiff for $40,656.89 plus costs, but held that section 12—1001(h)(4) of the Code of Civil Procedure (735 ILCS 5/12—1001(h)(4) (West 2002)) exempted $7,500 from the award. The plaintiff appeals, contending that the exemption should not apply in this case. We affirm.

The defendant was incarcerated in April 2001. In May 2001, he received a settlement from personal injury litigation in the amount of $41,715.57 after attorney fees and costs.

In January 2003, the plaintiff filed suit against the defendant, seeking to recover $40,656.89 as reimbursement for the cost of the defendant's incarceration. After the defendant failed to appear at a hearing on a motion for attachment, the circuit court entered an order in favor of the plaintiff for $40,656.89. In response, the defendant moved for declaratory judgment, contending that his settlement money was exempt under section 12—1001(h)(4) of the Code of Civil Procedure. The plaintiff moved for summary judgment, contending that no material facts were in dispute and that the plaintiff had a statutory right to reimbursement pursuant to section 3—7—6 of the Unified Code of Corrections (730 ILCS 5/3—7—6 (West 2002)).

The circuit court granted the plaintiff's motion and entered judgment for $40,656.89, but held that section 12—1001(h)(4) exempted $7,500 from the award. The plaintiff appeals, contending that section 3—7—6 does not provide for any exemptions to DOC suits for recovery of incarceration costs.

This case presents an issue of statutory construction. When construing a statute, we are to determine and give effect to the legislature's intent. *People v. Robinson*, 172 Ill. 2d 452, 667 N.E.2d 1305 (1996). In doing so, we look to the plain language of the statute; if the statute's plain meaning is clear and unambiguous, we are to apply the statute without using further tools of statutory construction. *Robinson*, 172 Ill. 2d 452, 667 N.E.2d 1305. Because statutory construction is a question of law, we review the circuit court's order *de novo*. *Robinson*, 172 Ill. 2d 452, 667 N.E.2d 1305.

■ Initially, we note that the defendant did not file an appellee's brief with this court. Generally, we will not act as an advocate for an appellee who fails to file a brief. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 345 N.E.2d 493 (1976). However, when a record is simple and the claimed error can easily be decided without the aid of an appellee's brief, we should decide the appeal's merits. *First Capitol Mortgage Corp.*, 63 Ill. 2d 128, 345 N.E.2d 493. We believe we can decide the merits of this appeal without the aid of an appellee's brief.

■ Section 3—7—6(a) of the Unified Code of Corrections (730 ILCS 5/3—7—6(a) (West 2002)) provides that inmates shall be responsible to the DOC for the cost of their incarceration. Section 3—7—6(d) of the Unified Code of Corrections (730 ILCS 5/3—7—6(d) (West 2002)) provides that, upon authorization from the Director of the DOC, the Attorney General can institute proceedings to reach an inmate's assets in order to cover the cost of incarceration. Assets are defined as:

"[A]ny property, tangible or intangible, real or personal, belonging to or due to a committed or formerly committed person including income or payments to the person from social security, worker's compensation, veteran's compensation, pension benefits, or from any other source whatsoever and any and all assets and property of whatever character held in the name of the person, held for the benefit of the person, or payable or otherwise deliverable to the person. Any trust, or portion of a trust, of which a convicted person is a beneficiary, shall be construed as an asset of the person, to the extent that benefits thereunder are required to be paid to the person, or shall in fact be paid to the person. At the time of a legal proceeding by the Attorney General under this Section, if it appears that the committed person has any assets which ought to be subjected to the claim of the Department under this Section, the court may issue an order requiring any person, corporation, or other legal entity possessed or having custody of those assets to appropriate any of the assets or a portion thereof toward reimbursing the Department as provided for under this Section. *No provision of*

*this Section shall be construed in violation of any State or federal limitation on the collection of money judgments."* (Emphasis added.) 730 ILCS 5/3—7—6(e)(3) (West 2002)).

Furthermore, section 4—101(11) of the Code of Civil Procedure (735 ILCS 5/4—101(11) (West 2002)) provides that the Attorney General may attach the property of an inmate in cases brought under section 3—7—6 of the Unified Code of Corrections. An exemption exists, however, for an amount no greater than $7,500 from a payment received by the debtor due to personal bodily injury. 735 ILCS 5/12—1001(h)(4) (West 2002).

The plaintiff contends that the last sentence in section 3—7—6(e)(3) means that denying an exemption, such as the one in section 12—1001(h)(4), in cases involving the attachment of prisoner assets does not violate any state or federal statute. The plaintiff essentially argues that section 3—7—6(e)(3) authorizes the Director of the DOC and the Attorney General to reach as far as possible into prisoners' assets because the normal restrictions on attachments do not apply to prisoners. We do not believe the legislature intended this reading of section 3—7—6(e)(3).

■ The plain language of section 3—7—6(e)(3) does indeed authorize the Director of the DOC and the Attorney General to reach far into prisoners' assets; however, the last sentence forbids the Director of the DOC and the Attorney General from violating any state or federal law limiting a creditor's ability to collect in the process. Because the exemption in section 12—1001(h)(4) clearly applies to the defendant's personal injury settlement award, and because section 3—7—6(e)(3) clearly requires that the Attorney General honor such exemptions, we decline to construe section 3—7—6(e)(3) as denying prisoners the protections afforded to debtors in section 12—1001(h)(4). We therefore hold that the circuit court properly construed section 3—7—6(e)(3) when it applied the section 12—1001(h)(4) exemption in the case below.

The plaintiff also argues that a tool of statutory construction—when two statutes deal with a similar legal issue, the more specific statute controls—mandates that we vacate the portion of the circuit court's order exempting $7,500 from the award. Because the plain language of section 3—7—6(e)(3) is clear and unambiguous, we need not resort to further tools of statutory construction and we need not consider this argument. See *Robinson*, 172 Ill. 2d 452, 667 N.E.2d 1305.

The judgment of the circuit court of Rock Island County is affirmed.

Affirmed.

O'BRIEN and BARRY, JJ., concur.