(No. 99329.—

THE PEOPLE *ex rel.* DIRECTOR OF CORREC-
TIONS, Appellant, v. LONNIE BOOTH, Appellee.

*Opinion filed May 19, 2005.*

Lisa Madigan, Attorney General, of Springfield (Gary Feinerman, Solicitor General, and Jan E. Hughes, As-

sistant Attorney General, of Chicago, of counsel), for appellant.

No appearance for appellee.

JUSTICE KARMEIER delivered the opinion of the court:

The issue in this case in whether section 12—1001(h)(4) of the Code of Civil Procedure (735 ILCS 5/12—1001(h)(4) (West 2002)), which exempts from judgment, attachment or distress for rent payments of up to $7,500 made on account of personal bodily injury of the debtor, applies to actions brought by the state under section 3—7—6 of the Unified Code of Corrections (730 ILCS 5/3—7—6 (West 2002)) against persons committed to the Department of Corrections (Department) to obtain reimbursement for the costs of their incarceration. The circuit court held that the exemption was applicable. The appellate court affirmed. 352 Ill. App. 3d 297. We granted a petition by the state for leave to appeal. 177 Ill. 2d R. 315. For the reasons that follow, we now affirm the judgment of the appellate court.

The facts are not in dispute. Lonnie Booth was sentenced to the Department of Corrections and incarcerated from April of 2001 until September of 2004. The month after he began serving his sentence, Booth received a payment in settlement of a personal injury action he had brought against the Pace Suburban Bus Division of the Regional Transportation Authority. The payment amounted to $41,715.57 after attorney fees and costs.

After the state became aware that Booth had obtained this settlement, it brought an action against him in the circuit court of Rock Island County to obtain reimbursement for the cost of Booth's imprisonment. The action was predicated on section 3—7—6 of the Unified Code of Corrections (730 ILCS 5/3—7—6 (West 2002)). That

statute makes persons committed to the Department responsible for the expenses incurred because of their incarceration (730 ILCS 5/3—7—6(a) (West 2002)) and establishes how the expenses are to be calculated (730 ILCS 5/3—7—6(b) (West 2002)), proved (730 ILCS 5/3—7—6(c) (West 2002)), and recovered by the state (730 ILCS 5/3—7—6(d) (West 2002)).

The statute provides that when the Director of Corrections or his designee knows or reasonably believes that a committed person or his estate has assets which may be used to satisfy all or part of a judgment for incarceration costs, the Director must submit a report to the Attorney General which includes information regarding the person's assets. The Director is also required to authorize the Attorney General to institute proceedings against the committed person or the person's estate to recover the expenses of incarceration. When the Attorney General has received such authorization, the statute provides that he or she "shall institute actions on behalf of the Department *** to recover from committed persons the expenses incurred by their confinement." 730 ILCS 5/3—7—6(d) (West 2002).

When the state succeeds in obtaining a judgment against a person for the costs of his or her incarceration, the assets it can reach to satisfy that judgment are extensive. For purposes of the statute, a committed person's assets include

"any property, tangible or intangible, real or personal, belonging to or due to a committed or formerly committed person including income or payments to the person from social security, worker's compensation, veteran's compensation, pension benefits, or from any other source whatsoever and any and all assets and property of whatever character held in the name of the person, held for the benefit of the person, or payable or otherwise deliverable to the person." 730 ILCS 5/3—7—6(e)(3) (West 2002).

To prevent an incarcerated person from concealing, dissipating or otherwise placing covered assets beyond

the court's reach during the pendency of the proceedings, the statute states that

"[a]t the time of a legal proceeding by the Attorney General under this Section, if it appears that the committed person has any assets which ought to be subjected to the claim of the Department under this Section, the court may issue an order requiring any person, corporation, or other legal entity possessed or having custody of those assets to appropriate any of the assets or a portion thereof toward reimbursing the Department as provided for under this Section." 730 ILCS 5/3—7—6(e)(3) (West 2002).

The statute further specifies, however, that "[n]o provision of this Section shall be construed in violation of any State or federal limitation on the collection of money judgments." 730 ILCS 5/3—7—6(e)(3) (West 2002).

In its complaint against Booth, the state contended that it was entitled to recover $40,656.89 as reimbursement for the costs of Booth's incarceration, plus costs and interest. After filing that complaint, the state moved for issuance of an order for attachment against the proceeds from Booth's personal injury settlement pursuant to section 4—101(11) of the Code of Civil Procedure (735 ILCS 5/4—101(11) (West 2002)). That motion was granted. The court subsequently convened a hearing. Booth, who was incarcerated, did not attend the hearing or retain counsel to represent him there. When he failed to appear, the court found him to be in default and entered judgment against him for $40,656.89, the full amount sought by the state in its complaint.

Booth subsequently filed pleadings requesting that the court reconsider its judgment and declare that the money he had received in settlement of his personal injury claim was subject to the exemption set forth in section 12—1001(h)(4) of the Code of Civil Procedure (735 ILCS 5/12—1001(h)(4) (West 2002)). That provision exempts from judgment, attachment or distress for rent a:

"debtor's right to receive, or property that is traceable to:

\* \* \*

(4) a payment not to exceed $7,500 in value, on account of personal bodily injury of the debtor or an individual of whom the debtor was a dependent[.]" 735 ILCS 5/12—1001(h)(4) (West 2002).

The state moved to dismiss Booth's request for declaratory relief and requested summary judgment on its claim for reimbursement of the full amount it had expended on Booth's incarceration. As grounds for its motion, the state argued that no material facts were in dispute and that the Department of Corrections had a statutory right to reimbursement of the incarceration costs under section 3—7—6 of the Unified Code of Corrections (730 ILCS 5/3—7—6 (West 2002)). The circuit court granted the state's motion and entered summary judgment in its favor. In so doing, however, the court held that section 12—1001(h)(4) of the Code of Civil Procedure was applicable and that $7,500 of the award paid to Booth for his personal injuries was therefore exempt and could not be reached by the state to satisfy the judgment.

The state appealed, challenging that portion of the circuit court's judgment shielding $7,500 of Booth's personal injury settlement from collection. The appellate court denied the state's motion for a stay of the judgment pending appeal and ultimately affirmed the judgment of the circuit court. 352 Ill. App. 3d 297.

After we allowed the state's petition for leave to appeal, it filed a brief with our court. Booth did not, just as he failed to file a brief in the appellate court. Although the lack of an appellee's brief obviously does not aid Booth's position, it does not compel entry of judgment for the state either. While a court of review is not obligated to serve as an advocate for the appellee or search the record for the purpose of sustaining the judg-

ment of the trial court, it may do so when justice requires. *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976). The appellate court considered this to be such a case. We share that assessment.

We note, moreover, that the record in this case is brief, the facts are straightforward, and the claimed error can easily be resolved without the aid of an appellee's brief. Where such circumstances have been present in previous cases, our court has held that we should decide the appeal on the merits. See, *e.g.*, *In re Marriage of Rogers*, 213 Ill. 2d 129, 135 (2004); *People v. Gonzalez*, 204 Ill. 2d 220, 223 (2003). There is no reason to depart from that approach here. The state does not argue otherwise. Accordingly, we shall proceed to the merits of the appeal.

We begin by pointing out what is not in dispute. No one questions that the state had the right to seek reimbursement from Booth under section 3—7—6 of the Unified Code of Corrections (730 ILCS 5/3—7—6 (West 2002)) for the expenses it incurred in keeping him incarcerated. The state's compliance with the relevant requirements for initiating a claim for reimbursement under the statute is not challenged. The amount Booth owed was calculated in accordance with statutory requirements, and the accuracy of the state's calculations is conceded. No procedural irregularities have been raised with respect to the circuit court's handling of the case. The judgment awarded by the circuit court has ample support in the record.

Under the statute, Booth clearly owes the state the sum of $40,656.89, as the circuit court found. Booth does not dispute that he owes the state this amount. The issue is simply whether the full amount of the $41,715.57 payment made to Booth in settlement of his personal injury action can be reached by the state to satisfy the judgment.

Resolution of that issue turns on a single question: Does the $7,500 statutory exemption for personal injury payments set forth in section 12—1001(h)(4) of the Code of Civil Procedure (735 ILCS 5/12—1001(h)(4) (West 2002)) apply to actions brought under section 3—7—6 of the Unified Code of Corrections (730 ILCS 5/3—7—6 (West 2002)), as this one was? Our answer to that question involves no disputed issues of fact. It is purely a matter of statutory construction. How statutes should be construed presents a question of law, which we review *de novo. Department of Transportation ex rel. People v. 151 Interstate Road Corp.*, 209 Ill. 2d 471, 485 (2004). *De novo* review is also appropriate because the appeal arises from an order granting summary judgment. *People ex rel. Birkett v. City of Chicago*, 202 Ill. 2d 36, 54 (2002).

The cardinal rule of statutory construction, to which all other rules and canons are subordinate, is to ascertain and give effect to the true intent of the legislature. The best evidence of legislative intent is the language used in the statute itself, which must be given its plain, ordinary and popularly understood meaning. The statute should be evaluated as a whole, with each provision construed in connection with every other relevant section. *Carver v. Sheriff of La Salle County*, 203 Ill. 2d 497, 507-08 (2003). If the language of the statute is clear, it must be given effect without resort to other interpretive aids. *In re Marriage of Rogers*, 213 Ill. 2d at 136.

The $41,715.57 payment made to Booth in settlement of his personal injury action falls squarely within the terms of section 12—1001 of the Code of Civil Procedure, which, as we have previously discussed, exempts from judgment, attachment or distress for rent various types of personal property, including payments of up to $7,500 made "on account of personal bodily injury of the debtor" (735 ILCS 5/12—1001(h)(4) (West 2002)). Because the settlement is subject to this statutory exemp-

tion, and because the judgment obtained by the state would consume nearly all of the settlement proceeds, allowing the state to collect the judgment out of the settlement proceeds, which are the only funds Booth had, would necessarily violate the express provisions of section 12—1001(h)(4). Such a result would, in turn, contravene the express provisions of section 3—7—6 of the Unified Code of Corrections, which specifies that "[n]o provision of this Section shall be construed in violation of any State or federal limitation on the collection of money judgments." 730 ILCS 5/3—7—6(e)(3) (West 2002). Accordingly, the circuit and appellate courts were correct to hold that $7,500 of Booth's personal injury settlement was exempt from collection by the state in this case.

The state argues that because section 3—7—6 of the Unified Code of Corrections deals specifically with actions for reimbursement of incarceration expenses while section 12—1001 of the Code of Civil Procedure applies generally to judgments and attachments in civil cases, section 3—7—6 of the Unified Code of Corrections trumps section 12—1001 and renders it inapplicable. This argument is untenable. It is true, generally speaking, that specific statutory provisions control over general provisions on the same subject. That principle only applies, however, if the two statutes cannot be construed harmoniously. *Williams v. Illinois State Scholarship Comm'n*, 139 Ill. 2d 24, 57 (1990). Such a situation is not present here. There is no conflict between section 3—7—6 of the Unified Code of Corrections and section 12—1001 of the Code of Civil Procedure. To the contrary, section 3—7—6(e)(3)'s admonition that "[n]o provision of this Section shall be construed in violation of any State or federal limitation on the collection of money judgments" (730 ILCS 5/3—7—6(e)(3) (West 2002)) mandates that section 3—7—6 be read in harmony with provisions

such as section 12—1001 of the Code of Civil Procedure governing normal civil proceedings to enforce money judgments. Any construction of the law that would place it in conflict with those provisions is expressly prohibited.

The language employed by the General Assembly in section 3—7—6(e)(3) leaves no doubt as to the legislature's intent. Actions by the state to obtain reimbursement of incarceration expenses do not override the normal legal restrictions that otherwise govern civil damage claims. In an effort to avoid that conclusion, the state argues that we should look beyond the particular text of the statute. Although the legislature wrote that no provision of section 3—7—6 shall be construed *in violation* of state or federal limitations on the collection of money judgments, the state argues that what the legislature actually meant was that no provision of the statute should be construed *as a violation* of any state or federal limitations on collection of money judgments.

Under the state's view of the law, action that would otherwise be contrary to state or federal law if done in conventional proceedings to collect money judgments would be considered wholly permissible so long as it was done in furtherance of proceedings to recover the expenses of incarceration. Taken to its natural conclusion, the state's interpretation would mean that whenever recovery of incarceration costs is involved, the proceedings would be beyond the reach of any other law, state or federal, pertaining to the collection of money judgments.

We reject this construction of the law for two reasons. First, it would require us to conclude that the Illinois General Assembly and the courts of our state have the authority to validate action that would otherwise be impermissible under federal law. We have no such authority. Under the supremacy clause of the United States Constitution (U.S. Const., art. VI, cl. 2), federal law

preempts a conflicting state law and the state law is nullified to the extent that it actually conflicts with federal law. See *In re Marriage of Hulstrom*, 342 Ill. App. 3d 262, 266 (2003).

Second, and most importantly, the state's construction of the law is not supported by the language actually used by the General Assembly. The law clearly states that no provision of section 3—7—6 shall be construed *in violation* of state or federal limitations. It does not say that no provision of the statute should be construed *as a violation of* any state or federal limitations, as the state urges. Had the legislature intended the latter terminology, it would have utilized that language in drafting the law. It did not, and our authority to interpret statutes does not give us the power to rewrite the law or depart from its plain language. *In re Michelle J.*, 209 Ill. 2d 428, 437 (2004). Where, as here, a statute is clear and unambiguous, it must be enforced as written. *Bridgestone/Firestone, Inc. v. Aldridge*, 179 Ill. 2d 141, 154 (1997).

For the foregoing reasons, we agree with the appellate court that the circuit court did not err in applying the $7,500 exemption set forth in section 12—1001(h)(4) of the Code of Civil Procedure (735 ILCS 5/12—1001(h)(4) (West 2002)) to the action brought against Booth under section 3—7—6 of the Unified Code of Corrections (730 ILCS 5/3—7—6 (West 2002)) to recoup the costs of his incarceration. The judgment of the appellate court is therefore affirmed.

*Affirmed.*