Rule 23 order filed
December 13, 2005;
Motion to publish granted
February 9, 2006.

NO. 5-05-0132

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | |
|---|---|
| THE PEOPLE *ex rel.* DIRECTOR OF CORRECTIONS, | ) Appeal from the<br>) Circuit Court of<br>) Randolph County. |
| Plaintiff-Appellee, | ) |
| | ) |
| v. | ) No. 04-L-41 |
| | ) |
| LEONCE J. RUCKMAN, | ) Honorable |
| | ) William A. Schuwerk, Jr., |
| Defendant-Appellant. | ) Judge, presiding. |

_____

JUSTICE McGLYNN delivered the opinion of the court:

The appellant, Leonce J. Ruckman (Ruckman), has been incarcerated with the Illinois Department of Corrections since 1998. After he entered prison, Ruckman's mother died. After her death, Ruckman purchased a MetLife annuity with a cash value of $32,178.22 with money he received as the beneficiary of his mother's life insurance policy. After learning that Ruckman inherited substantial assets, the People of the State of Illinois *ex rel.* the Director of Corrections (the State) filed a complaint against Ruckman pursuant to section 3-7-6(a) of the Unified Code of Corrections (730 ILCS 5/3-7-6(a) (West 2004)), seeking the reimbursement of the expenses the State had incurred as a result of Ruckman's incarceration. In response, Ruckman filed a motion to quash, asking that the State's complaint be dismissed since the life insurance proceeds were exempt.

On February 25, 2005, the circuit court denied Ruckman's motion to quash and entered an order in favor of the State for $124,191.22. The circuit court specifically ordered MetLife to pay the sum of $29,156.60 to the Illinois Department of Corrections for the cash

1

value of the annuity less a personal property exemption of $2,000 pursuant to section 12-1001(b) of the Code of Civil Procedure (735 ILCS 5/12-1001(b) (West 1996)).  Ruckman now appeals.  After *de novo* review, we affirm.  See *Lyons v. State Farm Fire & Casualty Co.*, 349 Ill. App. 3d 404, 406, 811 N.E.2d 718, 721 (2004) (*de novo* review is appropriate when the trial court enters a judgment on the pleadings).

Under the Unified Code of Corrections, the State has the right to seek a reimbursement from prisoners for the cost of their incarceration.

"When the [S]tate succeeds in obtaining a judgment against a person for the costs of his or her incarceration, the assets it can reach to satisfy that judgment are extensive.  For purposes of the statute, a committed person's assets include

'any property, tangible or intangible, real or personal, belonging to or due to a committed or formerly committed person including income or payments to the person from social security, worker's compensation, veteran's compensation, pension benefits, or from any other source whatsoever and any and all assets and property of whatever character held in the name of the person, held for the benefit of the person, or payable or otherwise deliverable to the person.' "

*People ex rel. Director of Corrections v. Booth*, 215 Ill. 2d 416, 419, 830 N.E.2d 569, 570-71 (2005) (quoting 730 ILCS 5/3-7-6(e)(3) (West 2002)).

However, the State's ability to enforce the reimbursement scheme is subject to the provisions of section 12-1001.  *Booth*, 215 Ill. 2d at 423-24, 830 N.E.2d at 573.  Under that statute:

"The following personal property, owned by the debtor, is exempt from judgment, attachment, or distress for rent:

(a) The necessary wearing apparel, bible, school books, and family

2

pictures of the debtor and the debtor's dependents; [and]

  (b) The debtor's equity interest, not to exceed $2,000 in value, in any other property[.]"  735 ILCS 5/12-1001(a), (b) (West 1996).

Applying both statutes, we find the trial court was correct in finding that the annuity was subject to the judgment, less $2,000 pursuant to section 12-1001(b).

On appeal, however, Ruckman argues that the trial court erred in finding that he was only entitled to a $2,000 exemption and failing to find (a) that the annuity is exempt pursuant to section 12-1001(f) of the Code of Civil Procedure (Code) (735 ILCS 5/12-1001(f) (West 1996)) because it was purchased with life insurance proceeds and (b) that he was a dependent beneficiary pursuant to section 12-1001(h)(3) of the Code (735 ILCS 5/12-1001(h)(3) (West 1996)), so that all the insurance proceeds are exempt.  We disagree.

We address section 12-1001(f), which provides an exemption for the following:

"All proceeds payable because of the death of the insured and the aggregate net cash value of any or all life insurance and endowment policies and annuity contracts payable to a wife or husband of the insured, or to a child, parent, or other person dependent upon the insured, whether the power to change the beneficiary is reserved to the insured or not and whether the insured or the insured's estate is a contingent beneficiary or not[.]"  735 ILCS 5/12-1001(f) (West 1996).

Although section 12-1001(f) provides an exemption for life insurance proceeds, it does not apply where life insurance proceeds have been converted to another form of property−such as Ruckman did when he purchased the annuity.  See *In re Bateman*, 157 B.R. 635, 638 (Bankr. N.D. Ill. 1993); *In re Jackson*, 95 B.R. 590, 593 (Bankr. C.D. Ill. 1989).  Therefore, section 12-1001(f) does not apply.

Ruckman next points to section 12-1001(h)(3), which provides an exemption for the following:

3

"The debtor's right to receive, or property that is traceable to:

* * *

(3) a payment under a life insurance contract that insured the life of an individual of whom the debtor was a dependent, to the extent reasonably necessary for the support of the debtor or a dependent of the debtor[.]" 735 ILCS 5/12-1001(h)(3) (West 1996).

In order for this exemption to apply, Ruckman must have been his mother's dependent at the time of her death. *In re Bunting*, 322 B.R. 852, 855 (Bankr. C.D. Ill. 2005). It is undisputed, however, that Ruckman was incarcerated at the time of his mother's death. Thus, Ruckman was a dependent of the State, which provided for all of Ruckman's basic necessities. Although Ruckman's mother may have provided her son with money to purchase extraneous items at the commissary, these items were not essential since the State provided for all of his basic needs. Therefore, Ruckman was not his mother's dependent at the time of her death. Accordingly, section 12-1001(h)(3) does not apply.

Last, Ruckman argues that the exemption found under section 12-1001(h)(3) applies because he has dependents. This is not the case. Section 12-1001(h)(3) provides an exemption for "a payment under a life insurance contract that insured the life of an individual *of whom the debtor was a dependent, to the extent reasonably necessary for the support of* the debtor or *a dependent* of the debtor." (Emphasis added.) 735 ILCS 5/12-1001(h)(3) (West 1996). Therefore, the question is whether the debtor is a dependent of the insured, not whether the debtor has dependents. If the debtor is found to be a dependent, the life insurance proceeds are exempt to whatever extent is necessary to support the debtor and his dependents. Regardless, the debtor must first be found a "dependent" of the insured. That is not the case here. Accordingly, the exemption does not apply.

For the foregoing reasons, the court affirms the decision of the trial court that orders

4

MetLife to pay the sum of $29,156.60 to the Illinois Department of Corrections for the cash value of the annuity less a personal property exemption of $2,000 pursuant to section 12-1001(b).

Affirmed.

CHAPMAN and DONOVAN, JJ., concur.

NO. 5-05-0132

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | |
|---|---|
| THE PEOPLE *ex rel.* DIRECTOR OF CORRECTIONS, | ) Appeal from the<br>) Circuit Court of<br>) Randolph County. |
|    Plaintiff-Appellee, | ) |
| | ) |
| v. | ) No. 04-L-41 |
| | ) |
| LEONCE J. RUCKMAN, | ) Honorable<br>) William A. Schuwerk, Jr., |
|    Defendant-Appellant. | ) Judge, presiding. |

_____

**Rule 23 Order Filed:**    December 13, 2005
**Motion to Publish Granted:**    February 9, 2006
**Opinion Filed**:    February 9, 2006

_____

**Justices**:    Honorable Stephen P. McGlynn, J.

Honorable Melissa A. Chapman, J., and
Honorable James K. Donovan, J.,
Concur

_____

**Attorney**
**for**
**Appellant**    Leeonce Ruckman, Reg. No.: B-00375, Hill Correctional Center, P.O. Box 1700, Galesburg, IL 61401

_____

**Attorneys**
**for**
**Appellee**    Lisa Madigan, Attorney General, State of Illinois, Gary Feinerman, Solicitor General, Jan E. Hughes, Assistant Attorney General, 100 W. Randolph Street, 12th Floor, Chicago, IL 60601

_____