# Illinois Official Reports

## Appellate Court

*People ex rel. Director of the Department of Corrections v. Melton*,
2014 IL App (4th) 130700

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS *ex rel*. THE DIRECTOR OF THE DEPARTMENT OF CORRECTIONS, Plaintiff-Appellee, v. JOHNNIE MELTON, Defendant-Appellant. |
| District & No. | Fourth District<br>Docket No. 4-13-0700 |
| Filed | September 4, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The judgment entered against defendant for reimbursement of the costs the State incurred for his incarceration was upheld over his contentions that he was denied his right to due process and effective assistance of counsel, and that the money in his trust account came from an award for the wrongful death of his mother and was exempt from attachment, since the State has a right to seek reimbursement for the cost of his incarceration pursuant to section 3-7-6 of the Unified Code of Corrections, no due-process violation occurred in defendant's case, he could not rely on a claim of ineffective assistance of counsel in the civil action seeking reimbursement for cost of his incarceration, and his complaints with respect to creating a bank account and the living conditions in the prison were not relevant to the instant proceedings. |
| Decision Under Review | Appeal from the Circuit Court of Logan County, No. 13-MR-28; the Hon. William A. Yoder, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Johnnie Melton, of Lincoln, appellant *pro se*.

Lisa Madigan, Attorney General, of Chicago (Carolyn E. Shapiro, Solicitor General, and Clifford W. Berlow, Assistant Attorney General, of counsel), for appellee.

Panel

JUSTICE TURNER delivered the judgment of the court, with opinion. Justices Pope and Holder White concurred in the judgment and opinion.

**OPINION**

¶ 1    In February 2013, plaintiff, the People of the State of Illinois *ex rel*. the Director of the Department of Corrections (hereinafter, the State), filed a complaint against defendant, Johnnie Melton, for reimbursement of costs incurred by his incarceration. In May 2013, the trial court found the State was entitled to judgment in the amount of $19,925.89. In June 2013, defendant filed a *pro se* motion to reconsider, which the court denied.

¶ 2    On appeal, defendant argues he was denied his right to due process and the effective assistance of counsel. We affirm.

¶ 3                                          I. BACKGROUND

¶ 4    In February 2013, the State, by the Illinois Attorney General, filed a complaint against defendant, an inmate at Logan Correctional Center. The complaint alleged the Department of Corrections provided care, custody, treatment, or rehabilitation for defendant from October 28, 2011, through January 8, 2013, in the sum of $19,925.89. Pursuant to section 3-7-6(d) of the Unified Code of Corrections (Unified Code) (730 ILCS 5/3-7-6(d) (West 2012)), the State sought reimbursement for the expenses incurred by defendant's incarceration. The State alleged defendant had assets that could satisfy all or part of a judgment.

¶ 5    The State also filed a motion for order for attachment pursuant to section 4-101 of the Code of Civil Procedure (Procedure Code) (735 ILCS 5/4-101 (West 2012)). The trial court entered the order, directing the trust fund at Logan Correctional Center to hold any of defendant's property up to the amount of $19,925.89 until further order.

¶ 6    In May 2013, defense counsel filed an answer, arguing defendant's trust account was traceable to an award for the wrongful death of his mother and exempt from attachment. The trial court found the State was entitled to judgment in the amount of $19,925.89 for the period of defendant's incarceration from October 28, 2011, through January 8, 2013. The court also ordered the funds held pursuant to the order for attachment be distributed to the Department of Corrections.

¶ 7    In June 2013, defendant filed a *pro se* motion to reconsider, raising issues as to the assistance of counsel and the "squalid" and "unsafe" living conditions at the prison. Thereafter,

defense counsel filed a motion to withdraw. In August 2013, the trial court denied defendant's motion to reconsider. This appeal followed.

¶ 8                                II. ANALYSIS
¶ 9                            A. Procedural Due Process
¶ 10    Defendant argues he was deprived of procedural due process when the trial court granted the State's request for an order of prejudgment attachment of assets in his trust account without advance notice or a hearing. We disagree.

¶ 11    Under the Unified Code, the State has the right to seek reimbursement from prisoners for the cost of their incarceration. 730 ILCS 5/3-7-6(a) (West 2012). Our supreme court has noted "section 3-7-6(a) creates a broad liability for all committed persons to reimburse the Department [of Corrections]." *People ex rel. Illinois Department of Corrections v. Hawkins*, 2011 IL 110792, ¶ 25, 952 N.E.2d 624. Section 3-7-6(d) states, as follows:

> "The Director [of the Department of Corrections], or the Director's designee, may, when he or she knows or reasonably believes that a committed person, or the estate of that person, has assets which may be used to satisfy all or part of a judgment rendered under this Act *** provide for the forwarding to the Attorney General of a report on the committed person and that report shall contain a completed form under subsection (a-5) together with all other information available concerning the assets of the committed person and an estimate of the total expenses for that committed person, and authorize the Attorney General to institute proceedings to require the persons, or the estates of the persons, to reimburse the Department for the expenses incurred by their incarceration." 730 ILCS 5/3-7-6(d) (West 2012).

"When the state succeeds in obtaining a judgment against a person for the costs of his or her incarceration, the assets it can reach to satisfy that judgment are extensive." *People ex rel. Director of Corrections v. Booth*, 215 Ill. 2d 416, 419, 830 N.E.2d 569, 570 (2005) (citing 730 ILCS 5/3-7-6(e)(3) (West 2002)).

¶ 12    In the case *sub judice*, defendant argues the trial court's decision granting the State's motion for an order of attachment without prior notice or a hearing violated his right to procedural due process. "Attachment is a pretrial remedy wherein a defendant's property is seized and held until the rights of the parties are determined in the principal action. [Citation.] The purpose of attachment is to permit a creditor to secure and hold a debtor's property to satisfy a debt which the creditor hopes to prove." *Starr v. Gay*, 354 Ill. App. 3d 610, 615, 822 N.E.2d 89, 93-94 (2004). Section 4-101 of the Procedure Code permits attachment in 11 specific circumstances, including "[w]hen the debtor is referred by the Department of Corrections to the Attorney General under Section 3-7-6 of the [Unified Code] to recover the expenses incurred as a result of that debtor's cost of incarceration." 735 ILCS 5/4-101 (West 2012).

¶ 13    The United States Supreme Court has noted due process "is a flexible concept that varies with the particular situation." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990). The Court has "held that some form of hearing is required before an individual is *finally* deprived of a property interest." (Emphasis added.) *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). While the fundamental requirement of due process centers on the opportunity to be heard "at a meaningful time and in a meaningful manner" (*Armstrong v. Manzo*, 380 U.S. 545, 552

(1965)), the Supreme Court has rejected the notion that the state must always provide a hearing prior to the deprivation of property (*Zinermon*, 494 U.S. at 128). See also *Mitchell v. W.T. Grant Co.*, 416 U.S. 600, 608-10 (1974) (finding a predeprivation notice and hearing are not always required for an attachment statute to satisfy due process). Instead, the Supreme Court has found that in certain circumstances "a statutory provision for a postdeprivation hearing \*\*\* satisfies due process." *Zinermon*, 494 U.S. at 128.

¶ 14 In regard to the attachment of property, section 4-114 of the Procedure Code provides the service of an attachment order "shall be made as soon as possible after the entry of the order for attachment upon the property described in the order, but in no event later than 5 days thereafter." 735 ILCS 5/4-114 (West 2012). Also, section 4-137 of the Procedure Code provides for a prompt hearing on the order for attachment upon a motion by the defendant. 735 ILCS 5/4-137 (West 2012).

¶ 15 We find defendant received all the process he was due in this case. In the context of a prison-reimbursement action, the costs of advance notice outweigh the benefits. The goal of requiring reimbursement seeks to shift the economic burden of incarceration from the public to the prisoner. Preattachment notice and hearing in this context would enable the prisoner to conceal, transfer, or otherwise dispose of the assets subject to garnishment prior to a final judgment. See *Mitchell*, 416 U.S. at 609 (stating "[t]he danger of destruction or alienation cannot be guarded against if notice and a hearing before seizure are supplied"); *Lind v. Midland Funding, L.L.C.*, 688 F.3d 402, 407-08 (8th Cir. 2012) (stating "postponing notice and hearing until attachment has occurred generally serves a creditor's interest in preventing the waste or concealment of a debtor's assets"). The opportunity to conceal funds is heightened in the digital age, where assets can be transferred anywhere in the world at the click of a mouse.

¶ 16 We also note attachment does not constitute a permanent deprivation of a prisoner's property. Instead, it preserves the status quo until such time as the action can be adjudicated. The record indicates the February 2013 order of attachment was served on defendant on the same day as it was entered. Defendant requested a hearing, and the trial court conducted a hearing on the reimbursement issue in May 2013. As the requirements of notice and postattachment hearing provided defendant the opportunity to contest his underlying liability and the propriety of the attachment of certain property, we find no due-process violation.

¶ 17                                    B. Assistance of Counsel

¶ 18 Defendant argues the performance of defense counsel violated his sixth amendment right to counsel because it fell below the standard of reasonableness required by *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). However, the reimbursement action at issue here is a civil matter (*Department of Corrections ex rel. People v. Adams*, 278 Ill. App. 3d 803, 809, 663 N.E.2d 1145, 1149 (1996)), and a claim of ineffective assistance of counsel under *Strickland* is ordinarily only available in criminal cases. See *Ameritech Publishing of Illinois, Inc. v. Hadyeh*, 362 Ill. App. 3d 56, 60, 839 N.E.2d 625, 630 (2005) (stating the "[s]tandards applicable to claims of ineffective assistance of counsel do not apply to a petitioner's claims of ineffective assistance of counsel in connection with a judgment under the [Procedure Code], as they might in criminal proceedings"); *In re D.B.*, 246 Ill. App. 3d 484, 492, 615 N.E.2d 1336, 1342 (1993). A narrow exception applies when a civil statute expressly guarantees a civil litigant the right to counsel (*In re Commitment of Dodge*, 2013 IL App (1st) 113603, ¶ 20, 989 N.E.2d 1159), but section 3-7-6 of the Procedure Code does not provide for any such

guarantee. Thus, defendant cannot rely on a claim of ineffective assistance of counsel in this civil action.

¶ 19                                    C. Unrelated Claims

¶ 20     Defendant also raised unrelated complaints regarding his ability to create a bank account and the living conditions in the Department of Corrections. However, such complaints are not relevant to the reimbursement proceedings at issue here. First, defendant's ability to create a bank account, and thereby deposit the wrongful-death funds, would not prevent the State from seeking reimbursement for the cost of incarceration. Second, defendant's complaint about living conditions does not exempt him from his statutory obligation to reimburse the Department of Corrections for the costs of incarceration.

¶ 21                                    III. CONCLUSION

¶ 22     For the reasons stated, we affirm the trial court's judgment.

¶ 23     Affirmed.