James H. Graham

*v.*

The People of the State of Illinois.

*Filed at Ottawa November 26, 1890.*

1. Elections—*judges of elections—whether amenable to the county court.* The county court possesses no common law authority to punish judges of elections for misbehaviour in office, as for a contempt; and the statutory jurisdiction of that court in that regard must be strictly construed, and can not be extended by implication.

2. Same—*primaries—judges and clerks—power of the county court.* The power of the judges and clerks of primary elections to act is derived from their selection by the committee or body requiring the primary election to be held, and when they are thus selected they must qualify by taking the oath prescribed by the act of June 6, 1889, and perform the duties therein prescribed.

3. Such judges and clerks, as respects a primary election, are officers of the authority ordering and supervising that election, and not of the county court, which tribunal has nothing to do in directing or controlling their action. The county court has no jurisdiction to fine them for contempt for misbehavior in office.

Writ of Error to the County Court of Cook county; the Hon. Richard Prendergast, Judge, presiding.

Messrs. Murphy & Cummings, for the plaintiff in error.

Mr. CHIEF JUSTICE SCHOLFIELD delivered the opinion of the Court:·

It is, among other things, provided in section 13 of article 2 of the "Act regulating the holding of elections, and declaring the result, in cities, villages," etc., approved June 22, 1885, (Laws of 1885, p. 151,) that the appointment of judges and clerks of election shall be confirmed and such judges commissioned as therein provided, and that "after such confirmation and acceptance of such commission, such judges and clerks shall thereupon become officers of such court," (*i. e.*, county court,) "and shall be liable, in a proceeding for contempt, for any misbehavior in their office," etc. It is also provided in section 3 of the "Act to regulate primary elections of voluntary political associations," etc., approved June 6, 1889, (Laws of 1889, p. 141,) that the committee or body requiring a primary election to be held pursuant to the provisions of that act, "shall * * * appoint three reputable persons to act as judges, and two reputable persons to act as clerks, at each polling place," and then follows this proviso: "*Provided*, that in cities and towns or villages where there is a board of election commissioners having jurisdiction of general elections, said central or controlling committee shall select the judges and clerks from the list of regular election judges and clerks in each ward or voting district, to serve at such primary election," etc.

The question is presented by this record, whether, when a judge or clerk has been selected, pursuant to this proviso, to serve at a primary election, he is, as to the primary election, to be regarded as an officer of the county court, and liable to be proceeded against summarily for a contempt of court for failing to properly perform the duties incumbent upon him as judge or clerk of the primary election. That the county court possesses no common law authority to proceed in such a case, and that its statutory jurisdiction in that respect must be con-

strued strictly, and can not be extended by implication, are propositions so elementary that authority need not be cited in their support. The language quoted from the act of June 22, 1885, plainly has reference only to the conduct of judges and clerks while acting in regard to the elections contemplated by that act, and its terms do not, either expressly or impliedly, include primary elections. The proviso quoted from the act of June 6, 1889, is, professedly, but a restriction upon the power of selection of the committee or body requiring the primary election to be held. Such committee or body is to select judges and clerks, but subject to this restriction. The power of the judges and clerks to act is derived from their selection by the committee or body, and when they are thus selected they must qualify by taking the oath prescribed by the last named act, and perform the duties therein prescribed. They therefore are, as respects the primary election, necessarily officers of the authority ordering and supervising that election, and not of the county court, which tribunal has nothing to do in directing or controlling their action. The last named act imposes severe penalties for the violation of its provisions, but it nowhere provides that violations of its provisions shall be punished as contempts of courts. Nor does it anywhere provide that judges and clerks of election, under that act, shall, as under the act of June 22, 1889, be deemed officers of the county court.

Our conclusion is, that the county court was without jurisdiction to punish the violation of duties of a judge of a primary election as a contempt of court, and its judgment must therefore be reversed.

*Judgment reversed.*