# Illinois Official Reports

## Appellate Court

---

*Joiner v. Illinois Workers' Compensation Comm'n*, 2017 IL App (1st) 161866WC

---

| | |
|---|---|
| Appellate Court Caption | ALFRED JOINER, Appellant, v. THE ILLINOIS WORKERS' COMPENSATION COMMISSION *et al.* (Ceco Concrete Construction, Inc., Brill & Fishel, P.C., Sostrin & Sostrin P.C., and Leonard Law Group, Appellees). |
| District & No. | First District, Workers' Compensation Commission Division<br>Docket No. 1-16-1866WC |
| Filed | September 29, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 16-L-50142; the Hon. Alexander P. White, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Mark Whiteside, of Chicago, for appellant.<br><br>Francine R. Fishel, of Brill & Fishel, P.C., of Chicago, for appellees. |
| Panel | PRESIDING JUSTICE HOLDRIDGE delivered the judgment of the court, with opinion.<br>Justices Hoffman, Hudson, Harris, and Moore concurred in the judgment and opinion. |

**OPINION**

¶ 1         The claimant, Alfred Joiner, filed an application for adjustment of claim under the Workers' Compensation Act (Act) (820 ILCS 305/1 *et seq.* (West 2008)), seeking benefits for various injuries he allegedly sustained while working for respondent Ceco Concrete Construction, Inc. (employer). The claimant also filed a common law claim related to the same accident against the employer and a third-party defendant in the circuit court of Cook County (civil action). The parties entered into a global settlement agreement in the civil action, which purported to settle both the claimant's workers' compensation claim and the civil action. The employer submitted the settlement agreement to the Illinois Workers' Compensation Commission (Commission) for approval. The arbitrator approved the parties' settlement agreement and ordered the claimant to pay attorney fees to the three attorneys who had represented him at various times during the Commission proceedings.

¶ 2         The claimant appealed the arbitrator's award of attorney fees to Commission, which unanimously affirmed the arbitrator's decision.

¶ 3         The claimant then sought judicial review of the Commission's decision in the circuit court of Cook County. The claimant did not post an appeal bond when filing his petition for judicial review. The claimant's former workers' compensation counsel filed a motion to quash summons and to dismiss the claimant's petition for judicial review, arguing that the claimant's failure to post an appeal bond as required by section 19(f)(2) of the Act (820 ILCS 305/19(f)(2) (West 2016)) deprived the circuit court of subject-matter jurisdiction to review the Commission's order. The circuit court granted the claimant's counsels' motion and dismissed the claimant's petition for judicial review with prejudice.

¶ 4         This appeal followed.

¶ 5                                                FACTS

¶ 6         The claimant filed an application for adjustment of claim on November 21, 2008, seeking benefits under the Act for injuries he allegedly sustained while working for the employer when he tripped and fell at a construction site. At the time, attorney Neal Wishnick of Sostrin & Sostrin, P.C. (Sostrin) represented the claimant in connection with his workers' compensation claim. On June 24, 2010, the claimant discharged Sostrin and retained Andrew Leonard of the Leonard Law Group (Leonard). One week later, Sostrin filed a petition for attorney fees and costs. The arbitrator continued the hearing on Sostrin's fee petition until disposition of the case.

¶ 7         On September 9, 2014, the claimant filed a stipulation to substitute attorneys. The stipulation discharged Leonard and indicated that the claimant would now be represented by Francine Fishel of Brill & Fishel, P.C. (Fishel). Leonard filed a petition for attorney fees, which the arbitrator deferred until the disposition of the case.

¶ 8         On June 29, 2015, Fishel received a settlement offer of $290,000 from the employer. Fishel conveyed the settlement offer to the claimant. On July 9, 2015, the claimant terminated Fishel. That same day, Fishel filed a petition for attorney fees with the arbitrator.

¶ 9         While his Commission proceeding was pending, the claimant filed a civil action in the circuit court of Cook County, seeking damages for the injuries he sustained in the same accident that was the subject of the workers' compensation proceeding. The civil action

included several defendants, including the employer. Thomas Plouff of Costello, McMahon, Burke & Murphy, Ltd. (Plouff), represented the claimant in the civil action.

¶ 10　　On July 21, 2015, nine days after the claimant had discharged Fishel as his workers' compensation counsel, the claimant entered into a "Global Settlement Agreement and Release" in the civil action (global settlement agreement). The global settlement agreement purported to resolve the civil action for $750,000, with $430,000 to be paid by the third-party defendant and $320,000 to be paid by the employer. The global settlement agreement also purported to resolve the claimant's pending workers' compensation claim for one dollar. In the global settlement agreement, the claimant agreed to "execute a lump sum settlement contract" (settlement contract) "in the form attached hereto as Exhibit A," which purported to settle the claimant's pending workers' compensation claim for the sum of one dollar. The global settlement agreement provided that the claimant and the employer "acknowledge[d] that the settlement contract must be approved by the [Commission] and that this settlement agreement is void unless and until the [Commission] approves the lump sum settlement contract." The global settlement agreement further provided that the claimant "acknowledged that he must resolve all attorney fee petitions and issues" and that "[n]o additional sums will be paid by [the defendants] for attorney fees which are solely [the claimant's] responsibility." The global settlement agreement further stated that, "as set forth in the settlement contract," the employer agreed to waive its workers' compensation lien against the claimant. In exchange for the employer's lien waiver and settlement payment to the claimant, the claimant agreed to (1) "hold harmless and indemnify" the employer and the other defendants from "all claims, damages, costs, expenses, attorney's fees, demands, liens, actions, subrogation or suit" brought by the claimant or by anyone on the claimant's behalf and (2) "pay his own attorney's fees in this matter." The global settlement agreement was attached to, and made part of, the settlement contract, which the employer's counsel subsequently submitted to the arbitrator for approval.

¶ 11　　Also, on July 21, 2015, Plouff sent a letter to Fishel regarding the settlement contract and global settlement agreement, as well as Fishel's attorney fees. In the letter, Plouff stated that it was in the claimant's "best interests to settle the workers compensation case for $1.00, with a lien waiver." Plouff then asserted that, under the terms of a fee agreement that Fishel had previously executed with the claimant, Fishel "would be entitled to 20% of $1.00." Plouff also informed Fishel that the employer's counsel "will appear this Friday at 9:00 a.m." before the arbitrator to obtain approval of a "lump sum settlement contract for $1.00, with a hearing at a later date on filed fee petitions." Plouff stated that, although Fishel was legally entitled to collect only twenty cents in attorney fees, Plouff would offer to pay Fishel and her firm $10,000 in attorney fees out of the attorney fees Plouff collected in the civil action as a "professional courtesy." Plouff offered this amount "in full satisfaction of any attorney fees [Fishel] claim[ed] because of working for [the claimant]." Plouff stated that his offer would expire at 5 p.m. on July 23, 2015, and that, should Fishel decline the offer, the claimant would argue before the arbitrator that Fishel's attorney fee should be limited to twenty cents.

¶ 12　　On July 24, 2015, the arbitrator held a hearing on the settlement contract submitted by the employer's counsel and on the fee petitions filed by the claimant's former attorneys. The claimant appeared at the hearing *pro se*. The employer's counsel and each of the claimant's former workers' compensation attorneys also appeared. The employer's counsel informed the arbitrator that, "pursuant to the settlement agreement, we are actually paying a dollar for

workers' compensation; but part of the overall settlement agreement in the civil case, which totaled $750,000, included a $320,000 contribution from Workers' Comp" (*i.e.*, from the employer's workers' compensation insurer). The arbitrator ruled that the award of attorney fees would be determined on the basis of the $320,000 workers' compensation payment. The arbitrator further stated that he had spoken with the claimant off the record before the hearing began and asked him whether he was "in agreement with the settlement contract and the fees and the division of fees" and that the claimant had indicated that he was "in agreement." The claimant acknowledged that the arbitrator's statement on this matter was correct.

¶ 13 During questioning by Fishel, the claimant testified that (1) he was responsible to pay the attorney fees in his workers' compensation case, (2) he had signed a fee agreement with each of his prior workers' compensation attorneys (Sostrin, Leonard, and Fishel) in which he had agreed to pay "20 percent of the recovery" as attorney fees, and (3) 20% of $320,000 is $64,000.

¶ 14 The parties then went off the record to discuss the terms of a proposed order regarding the payment and distribution of attorney fees in the workers' compensation matter. When the parties came back on the record, the claimant agreed to pay Sostrin, Leonard, and Fishel attorney fees "as set forth in the [arbitrator's] order" upon receipt of the settlement payment. The arbitrator noted that, because the circuit court's order in the civil action required the employer to pay the settlement directly to Plouff and the claimant, the arbitrator could not order the employer to pay Sostrin, Leonard, and Fishel directly. Accordingly, the arbitrator noted that he had changed his prior proposed order to reflect that the claimant and Plouff must pay the attorney fees to Sostrin, Leonard, and Fishel as set forth in the arbitrator's order upon receipt of the settlement payment from the employer's counsel. Both the claimant and the employer explicitly agreed with this change.

¶ 15 The arbitrator then approved the settlement contract and issued a written order directing the claimant and Plouff to pay Sostrin, Leonard, and Fishel $21,333.33 each within 30 days of receipt of the settlement proceeds. The arbitrator's Order expressly found that (1) the employer had "tendered $320,000 on the settlement at mediation to resolve their liability" in the instant workers' compensation action and (2) the claimant's prior workers' compensation attorneys were entitled to attorney fees in the amount of 20% of the amount tendered, or $64,000 (collectively), for their efforts in the workers' compensation matter.

¶ 16 Despite the entry of the approved settlement and the agreed attorney fee order, the claimant retained a new workers' compensation attorney and filed a petition for review of the arbitrator's order with the Commission. The claimant appealed only the arbitrator's award of attorney fees; he did not otherwise challenge the arbitrator's approval of the settlement. In response, Sostrin, Leonard, and Fishel filed a motion to vacate the settlement contract approved by the arbitrator, and Fishel filed a petition for penalties and fees.

¶ 17 The Commission affirmed the arbitrator's order and denied Sostrin, Leonard, and Fishel's motion to vacate the approved settlement agreement. After reviewing the arbitrator's order and the settlement contract, the Commission noted that "while the total amount of settlement is listed as $1.00 on one page of the Lump Sum Settlement and Order, the Terms of the Settlement are listed on the Lump Sum Settlement and Order as totaling $750,000.00, $430,000.00 of which was paid by [the third-party defendant] and $320,000.00 of which was paid by *** [the employer] in the workers' compensation claim." The Commission further noted that the $320,000 paid by the employer "was paid by [the employer's] workers'

compensation insurer for the settlement of the claimant's workers' compensation claim, which was verified both at the July 24, 2015 hearing and at oral argument by [the employer's] counsel." The Commission concluded that "[t]he Terms of Settlement and the Global Agreement, both of which are within the "four corners" of the Lump Sum Settlement and Order, and the actions of [the employer] and its workers' compensation carrier indicate that the workers' compensation claim was settled for $320,000.00 and not $1.00."

¶ 18       Moreover, the Commission rejected what it called "[the claimant's] attempts to renege on the contract he entered into on July 24, 2015 before [the arbitrator] when he agreed to pay [Sostrin, Leonard, and Fishel] upon receipt of the settlement proceeds as set forth in [the arbitrator's] order." The Commission noted that, during the arbitration hearing, the claimant "agreed that he was responsible for attorney's fees regarding his workers' compensation case, that he had signed three separate fee agreements with his three prior attorneys in the workers' compensation claim and that he agreed with the Settlement Contract, the attorney's fees, and the division of attorney's fees"; however, "now that the settlement monies have been paid, [the claimant] has decided to question the order that was entered based on his declarations at hearing and under oath." The Commission further noted that the claimant had signed the settlement contract, including the global settlement agreement, which provided that the claimant "was responsible for and agreed to pay all of his attorney's fees." The Commission stressed that the arbitrator "made it very clear that he was approving the Settlement Contract based on [the claimant's] agreement to pay the attorneys' fees," and "at no point during the hearing did [the claimant] indicate that he did not *** understand or that he was confused." The Commission found it "wholly disingenuous" for the claimant to claim that he did not understand what he was agreeing to now." Further, the Commission found that the claimant was barred from claiming that he is not required to pay the attorneys' fees per the arbitrator's order under the doctrine of estoppel because such a claim contradicts the claimant's prior testimony that he was required to and would pay those fees and because the arbitrator relied upon the claimant's prior testimony in approving the settlement. [1] The Commission characterized the claimant's current argument as "buyer's remorse" which was "[a]t best *** disingenuous and at worst *** a fraud upon the Commission." The Commission concluded that, if it were to ratify the claimant's actions, "it would result in a miscarriage of justice and allow [the claimant's] greed to absolve him of his legal responsibilities."

¶ 19       The Commission found that, although evidence established that the claimant's workers' compensation claim was settled for $320,000 and that the claimant agreed to pay Sostrin, Leonard, and Fishel $21,333.33 each within 30 days of receipt of the settlement proceeds, the settlement contract was "inartfully drafted to show two settlement amounts." Accordingly, the Commission amended the Settlement Contract Lump Sum Petition and Order approved by the arbitrator to reflect that the workers' compensation claim was settled for $320,000 and that the claimant shall pay Sostrin, Leonard, and Fishel $21,333.33 each, for a total of $64,000 in attorney fees.

---

[1]The Commission found that the settlement contract and the arbitrator's attorney fee order "are so inextricably intertwined that they are in fact one in the same document" and that "[n]either the settlement contract nor the fee Order would have been entered and approved by the arbitrator without the other."

¶ 20 The claimant sought judicial review of the Commission's order in the circuit court of Cook County. When filing its petition for review and request for summons, the claimant did not file an appeal bond pursuant to section 19(f)(2) of the Act. Sostrin, Leonard, and Fishel filed a motion to quash summons and to dismiss the claimant's petition for judicial review, arguing that the claimant's failure to post an appeal bond as required by section 19(f)(2) of the Act deprived the circuit court of jurisdiction to review the Commission's order. The circuit court granted the claimant's counsels' motion and dismissed the claimant's petition for judicial review with prejudice.

¶ 21 This appeal followed.

¶ 22 ANALYSIS

¶ 23 Before addressing the issues raised by the claimant in this appeal, we note that the claimant failed to file a brief in compliance with Illinois Supreme Court Rule 342(a). That rule provides, in relevant part, that

> "[t]he appellant's brief shall include, as an appendix, *** a copy of the judgment appealed from, [and] any opinion, memorandum, or findings of fact filed or entered by the trial judge or by any administrative agency or its officers ***.
>
> * * *
>
> In addition, in cases involving proceedings to review orders of the Illinois Workers' Compensation Commission, the appellant's brief shall also include as part of the appendix copies of decisions of the arbitrator and the Commission." Ill. S. Ct. R. 342(a) (eff. Jan.1, 2005).

¶ 24 Although the claimant included a copy of the circuit court's order in his appendix, he failed to include copies of the decisions of the arbitrator and the Commission, in violation of Rule 342(a). This court may summarily dismiss an appeal for failure to comply with Rule 342. *Pecyna v. Industrial Comm'n*, 149 Ill. App. 3d 97, 101 (1986). However, absent aggravating circumstances, a harsh construction of the rule is to be avoided. *Id.* Because we find no such aggravating circumstances here, we will not dismiss the claimant's appeal. However, we admonish the claimant and all appellants to ensure that their briefs on appeal are in full compliance with Rule 342(a).

¶ 25 Turning to the merits, the claimant argues that the circuit court erred in ruling that it lacked jurisdiction to consider the claimant's petition for judicial review of the Commission' s order because the claimant did not file an appeal bond as required by section 19(f)(2) of the Act. For reasons addressed in detail below, the claimant maintains that section 19(f)(2)'s bond requirement does not apply to him.

¶ 26 Whether a court has jurisdiction to review an administrative decision presents a question of law that we review *de novo*. *Illinois State Treasurer v. Illinois Workers' Compensation Comm'n*, 2015 IL 117418, ¶ 13. *De novo* review is also appropriate in this case because resolution of the jurisdictional question turns solely on the construction of section 19(f) of the Act (820 ILCS 305/19(f)(2) (West 2012)), and statutory construction is likewise a question of law. *Illinois State Treasurer*, 2015 IL 117418, ¶ 13; see also *People ex rel. Director of Corrections v. Booth*, 215 Ill. 2d 416, 423 (2005).

¶ 27 Judicial review of decisions by the Commission is governed by section 19(f)(2) of the Act (820 ILCS 305/19(f)(2) (West 2016)). Section 19(f)(2) provides that no summons authorizing

a circuit court to review a decision issued by the Commission shall issue "unless the one against whom the Commission shall have rendered an award for the payment of money shall upon the filing of his written request for such summons file with the clerk of the court a bond conditioned that if he shall not successfully prosecute the review, he will pay the award and the costs of the proceedings in the courts." 820 ILCS 305/19(f)(2) (West 2012). This requirement is jurisdictional. *Berryman Equipment v. Industrial Comm'n*, 276 Ill. App. 3d 76, 78-79 (1995) (noting that because the bond requirement is statutory, strict compliance is required to vest subject-matter jurisdiction in the circuit court); see also *Residential Carpentry, Inc. v. Kennedy*, 377 Ill. App. 3d 499, 502-03 (2007); *Illinois State Treasurer*, 2015 IL 117418, ¶ 15 (ruling that "in order to vest the courts with jurisdiction to review Commission decisions, strict compliance with the provisions of the Act is necessary and must affirmatively appear in the record"). "[F]iling a bond as set forth in section 19(f)(2) *** is a prerequisite to invoking the reviewing court's subject-matter jurisdiction," and "[i]n the absence of a bond which conforms to the statute's requirements, the [circuit] court has no jurisdiction to review the Commission's decision." *Illinois State Treasurer*, 2015 IL 117418, ¶ 18.

¶ 28    As noted, section 19(f)(2) requires a party "against whom the Commission [has] rendered an award for the payment of money" to file an appeal bond in order to invoke the circuit court's jurisdiction to review the Commission's decision. 820 ILCS 305/19(f)(2) (West 2016). In this case, the Commission entered an award for the payment of money against the claimant. Specifically, the Commission ordered the claimant to pay $64,000 in attorney fees to his three prior workers' compensation attorneys upon receipt of the settlement proceeds from the employer's counsel. The Commission did not order the employer to pay a portion of its settlement payment to Sostrin, Leonard, and Fishel as attorney fees.[2] Rather, it ordered the claimant to pay the attorney fees. In his brief on appeal, the claimant acknowledged that the Commission ordered him to pay the $64,000 attorney fee award "from his personal assets to [his] three former workers compensation attorneys." Thus, by its plain terms, section 19(f)(2)'s bond requirement applies to the claimant in this case because he was seeking judicial review of a Commission decision ordering him to pay money to another party.

¶ 29    The claimant argues that section 19(f)(2)'s appeal bond requirement does not apply to him for several reasons. First, relying upon our decision in *Celeste v. Industrial Comm'n*, 205 Ill. App. 3d 423 (1990), the claimant argues that he was not required to file an appeal bond because he was an employee, not an employer. In *Celeste*, the claimant filed a motion for interest on remand before the Commission which was not heard prior to the time the employer paid the compensation award. *Id.* at 424. Included in the sum tendered by the employer and accepted by the claimant was an amount specifically designated to cover interest. *Id.* Nevertheless, the Commission subsequently ruled that the claimant was not entitled to interest. *Id.* The claimant filed a petition for judicial review of the Commission's ruling on the interest issue, but did not file an appeal bond. On the employer's motion, the circuit court quashed the summons because of the claimant's failure to file an appeal bond as required by section 19(f)(2). *Id.*

---

[2]As the arbitrator noted, the Commission could not order the employer to pay the attorney fees to the claimant's workers' compensation counsel because the circuit court presiding over the civil action had already ordered the employer to pay the entire $750,000 global settlement amount directly to the claimant and Plouff, the claimant's counsel in the civil action.

¶ 30     We reversed the circuit court's decision. We ruled that, "[b]y the express terms of [section 19(f)(2)], an employee is not one against whom an award of money has been rendered." *Id.* at 426. Reasoning that "[t]he bond protects the employee from having to execute against an employer's assets" and protects employers from having their assets encumbered by "liens of potentially indefinite duration," we concluded that the bond requirements apply "only to those employers against whom liability for payment of a compensation judgment may attach." *Id.* at 427. Because "[e]mployees are not within that class," we held that the circuit court erred in quashing the summons. *Id.*

¶ 31     This case is distinguishable from *Celeste* in material respects. In *Celeste*, the only "order for the payment of money" issued by the Commission was the compensation award. Thus, the employer was the only party that was ordered to pay any money. The claimant in *Celeste* appealed only the Commission's determination that he was not entitled to interest. The claimant did not appeal an order requiring him to pay money to another party; rather, he argued that he was entitled to receive more compensation than the Commission had ordered. Here, by contrast, the Commission entered an order requiring the claimant to pay money to his former workers' compensation attorneys, and the claimant sought judicial review of that order. Thus, by the plain terms of section 19(f)(2), the claimant was required to post an appeal bond.

¶ 32     We acknowledge that, when taken out of context, some of the statements we made in *Celeste* might appear to suggest that section 19(f)(2)'s bond requirement applies only to employers and that employees are categorically exempted from the bond requirement. The claimant relies upon those statements in arguing that employees are *never* subject to the bond requirement, even when they appeal a Commission order requiring them to pay money to other parties. However, as noted above, *Celeste*'s actual holding does not require or support such a narrow construction of section 19(f)(2)'s bond requirement.

¶ 33     More importantly, the plain language of section 19(f)(2) does not bear such a construction. Section 19(f)(2) provides that "*the one against whom the Commission shall have rendered an award for the payment of money*" must file an appeal bond. (Emphasis added.) 820 ILCS 305/19(f)(2) (West 2016). It does not state that only *employers* ordered to pay money must file a bond. "[A] statute must be enforced as written, and a court may not depart from the statute's plain language by reading into it exceptions, limitations, or conditions not expressed by the legislature." (Internal quotation marks omitted.) *State Bank of Cherry v. CGB Enterprises, Inc.*, 2012 IL App (3d) 100495, ¶ 28. Our supreme court recently rejected the argument that the bond requirement applied only to employers or insurers because the plain terms of section 19(b)(2) contain no such limitation. As our supreme court explained,

> "[t]he terms employer and insurer are used throughout the Act, including section 19. Had the legislature intended to confine the bond requirement in section 19(f)(2) to those two specific groups, it could easily have done so by using those same terms. But that is not the language it chose. Instead, it drafted the law more broadly to specify that, except for the particular government entities enumerated in the law, bond must be posted by 'the one against whom the Commission shall have rendered an award for the payment of money' as a prerequisite to issuance of summons and invocation of the court's jurisdiction. 820 ILCS 305/19(f)(2) (West 2012)." *Illinois State Treasurer*, 2015 IL 117418, ¶ 27.

Our supreme court's holding in *Illinois State Treasurer* precludes any argument that section 19(f)(2)'s bond requirement is limited to employers because the plain language of section

19(f)(2) contains no such limitation. For the same reason, it would be equally inappropriate to read into section 19(f)(2) a categorical exemption for employees. By its plain terms, section 19(f)(2) applies to all individuals or entities "against whom the Commission shall have rendered an award for the payment of money" (820 ILCS 305/19(f)(2) (West 2016)); it does not exempt employees ordered to pay money by the Commission from having to file an appeal bond. Accordingly, we may not read any such exemption into section 19(f)(2)'s unambiguous terms.

¶ 34     The claimant also argues that section 19(f)(2)'s bond requirement does not apply to him because the Commission's order requiring him to pay attorney fees cannot be classified as an "award of money." Relying on our supreme court's decision in *Illinois Graphics Co. v. Nickum*, 159 Ill. 2d 469 (1994), the claimant maintains that only *compensation awards* constitute "awards" or "decisions" under the Act. Accordingly, the claimant argues that only parties who have been ordered to pay compensation benefits must file an appeal bond under section 19(f)(2).

¶ 35     We disagree. The claimant misreads *Nickum*, which does not support his position. In *Nickum*, the claimant filed a workers' compensation claim and the employer began paying her temporary total disability (TTD) benefits. The arbitrator later found that the claimant had failed to prove a compensable claim. *Id.* at 473. The Commission affirmed and stated that the employer " 'shall have credit for all amounts paid' " " 'on account of [the alleged] accidental injury.' " *Id.* at 474. However, the claimant later refused to reimburse the employer for the TTD benefits the employer had paid her. *Id.* The employer then filed a complaint in the circuit court asking the court to enter a judgment in accordance with the Commission's decision pursuant to section 19(g) of the Act (820 ILCS 305/19(g) (West 2016)). *Nickum*, 159 Ill. 2d at 474. The circuit court granted the claimant's motion to dismiss the employer's complaint with prejudice because it found that no "award" capable of being reduced to judgment had been entered by the Commission. *Id.* at 475. We affirmed the circuit court's judgment. *Id.* at 475-76.

¶ 36     Our supreme court reversed because it found that the employer had stated a common law cause of action for the recovery of the voluntary TTD payments due to a mistake of fact. *Id.* at 484-98. However, our supreme court agreed that the Commission's statement purporting to grant the employer a "credit" for the TTD benefits it had paid to the claimant was incapable of being reduced to a judgment under section 19(g) of the Act. *Id.* at 479-83. The supreme court based this conclusion on the "plain language of section 19(g)," which states that the Commission's "decision," on which any judgment is based, must be one " '*providing for* the *payment of compensation according to this act*.' " (Emphases in original.) *Id.* at 480. Because the Commission decision at issue did not provide for the payment of workers' compensation benefits, it could not be reduced to judgment under section 19(g). Moreover, the supreme court noted that the granting of credit for benefits paid "make[s] sense only if an award ha[s] been granted based on the arbitrator's finding of a compensable injury," which did not occur in the case before it. *Id.* at 478. Thus, the supreme court noted that the Commission's statement concerning a credit appeared to be an "inadvertency" rather than an "adjudication of liabilities" that would be capable of being reduced to judgment under section 19(g). *Id.* at 479.

¶ 37     *Nickum* is distinguishable from this case. *Nickum* did not address the bond requirement under section 19(f)(2). Rather, it addressed a different section of the Act (section 19(g)), a section which expressly applies only to Commission awards "providing for the payment of compensation" under the Act. 820 ILCS 305/19(g) (West 2016). Section 19(f)(2)'s bond

requirement, by contrast, contains no such limitation. As noted, the bond requirement applies to all parties against whom the Commission has entered an "award for the payment of money." 820 ILCS 305/19(f)(2) (West 2016). Thus, *Nickum* does not support the claimant's argument.

¶ 38 To the contrary, *Nickum* undermines the claimant's position. As *Nickum* notes, the legislature explicitly limited section 19(g) to awards providing for the payment of compensation. *Nickum*, 159 Ill. 2d at 480. The fact that the legislature chose not to include a similar express limitation in section 19(f)(2) strongly suggests that no such limitation was intended. *Illinois State Treasurer*, 2015 IL 117418, ¶ 28 ("Where *** the legislature uses certain language in some instances and wholly different language in another, settled rules of statutory construction require us to assume different meanings or results were intended."). No rule of statutory construction authorizes us to declare that the legislature did not mean what the plain language of the statute imports, and we may not rewrite a statute to add provisions or limitations the legislature did not include. *Id.* That is particularly true in cases involving statutory jurisdiction, for which the provisions must be strictly adhered to and may not be extended by implication. *Id. Nickum* confirms that, absent a patent ambiguity, reviewing courts must confine themselves to the plain language of the relevant statute. The plain, unambiguous terms of section 19(f)(2) do not limit the bond requirement to parties against whom an award of "compensation" has been entered. Thus, neither may we.

¶ 39 The claimant also argues that the Commission's order regarding attorney fees is "void" for lack of subject-matter jurisdiction. The claimant maintains that the Act caps a claimant's attorney fees at 20% of the settlement award and that the Commission exceeded its statutory jurisdiction by awarding attorney fees of $64,000 on an agreed settlement award of one dollar. The claimant contends that, under the Act, the Commission had no jurisdiction to award attorney fees of more than 20 cents. He argues that any legal responsibilities that the claimant has to his former workers' compensation attorneys "can be resolved in a court of general jurisdiction that has subject-matter jurisdiction over any potential equitable attorneys' fees owed." (For example, the claimant suggests that Sostrin, Leonard, and Fishel could file claims for attorney fees based on *quantum meruit* in the circuit court.) However, the claimant contends that, unlike a court of general jurisdiction, the Commission's jurisdiction to award attorney fees was limited by the Act, which capped attorney fees at 20 cents on a settlement award of $1.

¶ 40 The claimant's jurisdictional argument is predicated on his assertions that (1) the parties agreed to settle the workers' compensation claim for $1 and (2) the Commission misconstrued the parties' settlement contract and erred by concluding that the parties had agreed to settle the workers' compensation claim for $320,000. However, the trial court lacked jurisdiction to consider these challenges to the Commission's decision because the claimant failed to file an appeal bond. Thus, we need not address the claimant's arguments.

¶ 41 Although we do not decide the issue, we note that the Commission's award of $64,000 in attorney fees might well have been within its statutory jurisdiction. The Act authorizes the Commission to award attorney fees and to resolve fee disputes. For example, section 16 of the Act provides that "[t]he Commission shall have the power to determine the reasonableness and fix the amount of any fee of compensation charged by any person, including attorneys, *** for any service performed in connection with this Act, or for which payment is to be made under this Act or rendered in securing any right under this Act." 820 ILCS 305/16 (West 2016); see also *Alvarado v. Industrial Comm'n*, 216 Ill. 2d 547, 554 (2005). Although the Act generally

limits a claimant's attorney fees to 20% of the compensation award (820 ILCS 305/16a(B) (West 2016)), the Commission may award additional fees following a hearing under certain circumstances (*id.*). Here, with the express assent of both the employer and the claimant, the arbitrator awarded Sostrin, Leonard, and Fishel 20% of the amount the employer's workers' compensation carrier had paid pursuant to the global settlement agreement. In affirming the arbitrator's attorney fees award, the Commission held that the parties had settled the claimant's workers' compensation claim for $320,000 and awarded Sostrin, Leonard, and Fishel 20% of that amount as attorney fees. It is far from clear that the Commission exceeded its statutory jurisdiction in issuing this attorney fee award.

¶ 42       Moreover, section 16a(J) of the act provides that

> "[a]ny and all disputes regarding attorneys' fees, whether such disputes relate to which one or more attorneys represents the claimant or claimants or is entitled to the attorneys' fees, or a division of attorneys' fees where the claimant or claimants are or have been represented by more than one attorney, or any other disputes concerning attorneys' fees or contracts for attorneys' fees, shall be heard and determined by the Commission after reasonable notice to all interested parties and attorneys." 820 ILCS 305/16a(J) (West 2016).

Thus, contrary to the claimant's argument, the Commission has exclusive jurisdiction to resolve disputes as to attorney fees arising out of the representation of a claimant in a workers' compensation case. *Muller v. Jones*, 243 Ill. App. 3d 711, 713-14 (1993). If the Commission did not resolve the attorney fees issue in this case, Sostrin, Leonard, and Fishel would have been unable to obtain a judgment for reasonable attorney fees in any other forum.

¶ 43                          CONCLUSION

¶ 44       For the reasons discussed above, we affirm the judgment of the circuit court of Cook County dismissing the claimant's petition for judicial review for lack of subject-matter jurisdiction.

¶ 45       Affirmed.