# Illinois Official Reports

## Appellate Court

---

### *Conway v. Illinois Workers' Compensation Comm'n*,
### 2019 IL App (4th) 180285WC

---

| | |
|---|---|
| Appellate Court Caption | BRIANA CONWAY, Appellant, v. THE ILLINOIS WORKERS' COMPENSATION COMMISSION *et al.* (Bloomington Public School District No. 87, Appellee). |
| District & No. | Fourth District, Workers' Compensation Commission Division<br>Docket No. 4-18-0285WC |
| Filed | May 2, 2019 |
| Rehearing denied | June 27, 2019 |
| Decision Under Review | Appeal from the Circuit Court of McLean County, No. 17-MR-692; the Hon. Rebecca S. Foley, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | William L. Gregory, of Koth, Gregory & Nieminski, P.C., of Bloomington, for appellant.<br><br>Heyl, Royster, Voelker & Allen, of Peoria (Brad A. Elward and Craig S. Young, of counsel), for appellee. |

| Panel | PRESIDING JUSTICE HOLDRIDGE delivered the judgment of the court, with opinion. |
| | Justices Hoffman, Hudson, Cavanagh, and Barberis concurred in the judgment and opinion. |

## OPINION

¶ 1    The claimant, Briana Conway, appeals an order of the circuit court of McLean County dismissing her petition for review of a decision of the Illinois Workers' Compensation Commission (Commission) for lack of jurisdiction.

¶ 2                                   FACTS

¶ 3    The claimant filed an application for adjustment of claim against her employer, Bloomington Public School District No. 87, for an injury she sustained on November 23, 2011. The arbitrator awarded the claimant 5% loss of use of a person as a whole and denied certain benefits and payment of outstanding medical expenses. The claimant sought review of the arbitrator's decision before the Commission. On October 27, 2017, the claimant received the Commission's decision, which affirmed and adopted the decision of the arbitrator.

¶ 4    On November 13, 2017, the claimant filed a petition for administrative review and a request to issue summonses in the circuit court. The summonses were issued the next day.

¶ 5    On December 6, 2017, the employer filed a motion to dismiss the claimant's petition for failure to file with the circuit court proof that a notice of intent was filed with the Commission or an affidavit within 20 days of receiving the Commission's decision. The employer argued that such proof was required to be filed with the court within 20 days of receiving the Commission's decision by section 19(f)(1) of the Workers' Compensation Act (Act) (820 ILCS 305/19(f)(1) (West 2016)) to vest the circuit court with jurisdiction. Attached to the employer's motion to dismiss was a copy of a November 13, 2017, letter sent by the claimant's counsel to the Commission and the employer's counsel. The letter stated that a check was enclosed for $35 for the cost of the record to be filed along with three copies of a notice of intent to file for review in the circuit court. The claimant's counsel asked the Commission to file stamp the extra copy and return it. The circuit court was not included as a recipient of the letter.

¶ 6    On March 9, 2018, the circuit court held a hearing on the employer's motion to dismiss. The claimant's counsel tendered an affidavit dated March 9, 2018, wherein he stated, "[o]n November 13, 2017, [the claimant's] attorneys sent their Notice of Intent to File for Review in the Circuit Court to the Illinois Workers' Compensation Commission" and provided a file-stamped copy of the notice of intent filed with the Commission dated December 15, 2017.

¶ 7    On March 23, 2018, the circuit court granted the employer's motion to dismiss, finding that it lacked jurisdiction over the petition because the claimant was required to file proof exhibiting that she filed a notice of intent with the Commission or an affidavit with the circuit court within 20 days of receipt of the Commission's decision and failed to do so.

¶ 8    The claimant appeals.

¶ 9                                                              ANALYSIS

¶ 10       On appeal, the parties do not dispute that the claimant did not file a notice of intent or an affidavit in the circuit court within 20 days of receipt of the Commission's decision. Instead, the parties argue whether this is a requirement to vest the circuit court with subject-matter jurisdiction under section 19(f)(1) of the Act (*id.*).

¶ 11       Whether a circuit court has jurisdiction to review an administrative decision presents a question of law, which we review *de novo*. *Illinois State Treasurer v. Illinois Workers' Compensation Comm'n*, 2015 IL 117418, ¶ 13. *De novo* review is also appropriate where, as in this case, the resolution of the jurisdictional question turns solely on the statutory construction of section 19(f) of the Act, which also presents a question of law. *Id.*

¶ 12       While Illinois courts are courts of general jurisdiction and enjoy a presumption of subject-matter jurisdiction, that presumption does not extend to workers' compensation proceedings. *Kavonius v. Industrial Comm'n*, 314 Ill. App. 3d 166, 169 (2000). Courts exercise "special statutory jurisdiction" in workers' compensation proceedings where strict compliance with the statute is required to vest the court with subject-matter jurisdiction. *Id.*

¶ 13       The issue before us requires us to first determine what the Act requires to invoke the circuit court's jurisdiction and then evaluate whether the claimant satisfied those requirements.

¶ 14       Judicial review of decisions by the Commission is governed by section 19(f)(1) of the Act. The relevant version of section 19(f)(1) provides, as follows:

> "A proceeding for review shall be commenced within 20 days of the receipt of notice of the decision of the Commission. The summons shall be issued by the clerk of such court upon written request returnable on a designated return day, not less than 10 or more than 60 days from the date of issuance thereof, and the written request shall contain the last known address of other parties in interest and their attorneys of record who are to be served by summons. ***
>
> ***
>
> No request for a summons may be filed and no summons shall issue unless the party seeking to review the decision of the Commission shall exhibit to the clerk of the Circuit Court proof of filing with the Commission of the notice of the intent to file for review in the Circuit Court or an affidavit of the attorney setting forth that notice of intent to file for review in the Circuit Court has been given in writing to the Secretary or Assistant Secretary of the Commission." 820 ILCS 305/19(f)(1) (West 2016).

¶ 15       The claimant argues that section 19(f)(1) only requires petitioners to file their petition for review within 20 days of receipt of notice of the Commission's decision. She contends that section 19(f)(1) does not specifically state that a notice of intent or affidavit must be filed within the circuit court within 20 days, but only that the circuit court cannot file and issue a summons unless the court has been provided proof of filing.

¶ 16       The employer, relying on interpretations of section 19(f)(1) prior to its 2013 amendment, contends that a petitioner's failure to file a notice of intent or an affidavit with the circuit court within the 20-day period deprives a circuit court of jurisdiction over the judicial review. Before the 2013 amendment, section 19(f)(1) provided the following paragraph instead of the current paragraph regarding the proof of filing of a notice of intent or affidavit:

> "In its decision on review the Commission shall determine in each particular case the amount of the probable cost of the record to be filed as a part of the summons in that

case and no request for a summons may be filed and no summons shall issue unless the party seeking to review the decision of the Commission shall exhibit to the clerk of the Circuit Court proof of payment by filing a receipt showing payment or an affidavit of the attorney setting forth that payment has been made of the sums so determined to the Secretary or Assistant Secretary of the Commission, except as otherwise provided by Section 20 of this Act." 820 ILCS 305/19(f)(1) (West 2012).

In summation, the previous version of section 19(f)(1) required the petitioner to show proof of payment to the Commission for the probable cost of the record before a summons could be issued. In contrast to the current version, which requires the petitioner to show proof that he or she filed a notice of intent with the Commission before a summons can be issued. We next turn to cases interpreting section 19(f)(1) prior to the 2013 amendment because we find that they are instructive.

¶ 17 First, in *Esquivel v. Illinois Workers' Compensation Comm'n*, 402 Ill. App. 3d 156, 158 (2010), the claimant filed a petition for review, a request for summons to the Commission and all parties of record, and a certificate of mailing of the summons to the Commission in the circuit court within 20 days of receipt of the Commission's decision. However, the claimant did not file proof of payment of the probable cost of the record until more than six months after the 20-day filing period had expired. *Id.* The claimant's late proof of payment was in the form of an affidavit from the claimant's attorney, stating that he had paid the probable cost of the record within 20 days as required under section 19(f)(1) of the Act. *Id.* Therefore, there was proof of record that the payment was made within 20 days of the Commission's decision, but such proof was not tendered to the court within 20 days of the Commission's decision.

¶ 18 The *Esquivel* court held, "in order to perfect jurisdiction in the circuit court, the appellant must not only file a written request for summons within 20 days after receiving the Commission's decision, but *he or she must also exhibit to the clerk of the circuit court within the same time frame* either a receipt showing payment of the probable cost of the record on appeal or an affidavit of an attorney setting forth that such payment has been made to the Commission." (Emphasis added.) *Id.* at 159-60. Thus, the circuit court did not have subject-matter jurisdiction.

¶ 19 Second, in *Rojas v. Illinois Workers' Compensation Comm'n*, 406 Ill. App. 3d 965, 972 (2010), the court found that the petitioner's failure to follow the requirements set forth in section 19(f)(1) was more serious than in *Esquivel*. In *Rojas*, the claimant's receipt for payment of the probable cost of the record was dated on the twenty-second day and no affidavit by the petitioner's attorney alleging payment within the required 20-day period was of record. *Id.* The court concluded that the petitioner's clear failure to submit proof of payment of the probable cost of the record deprived the circuit court of jurisdiction. *Id.* at 973.

¶ 20 Last, in *Gruszeczka v. Illinois Workers' Compensation Comm'n*, 2013 IL 114212, ¶ 13, our supreme court stated that it "consistently held that the timely filing of a request for issuance of summons and the timely exhibition of proof of payment for the probable cost of the record (both of which are necessary for commencement of a judicial review action under section 19(f)(1)) are jurisdictional requirements that must be strictly adhered to in order to vest the circuit court with jurisdiction."

¶ 21 Following these previous interpretations of section 19(f)(1), we conclude that the newest amendment requires the petitioner to exhibit proof of filing with the Commission of the notice of the intent to file for review in the circuit court or an affidavit of the attorney setting forth that

notice of intent to file for review in the circuit court within 20 days of receiving the Commission's decision.

¶ 22 In the case before us, the record shows that the claimant received notice of the Commission's decision on October 27. The claimant was required to comply with the requirements set forth in section 19(f)(1) by November 16, which was 20 days after she received notice of the Commission's decision. On November 13, the claimant's counsel mailed, *inter alia,* a notice of intent to the Commission and sent copies to the employer's counsel. However, proof of this notice of intent was not filed with the circuit court by November 16. On December 6, the employer filed its motion to dismiss for failure to file a notice of intent or affidavit within 20 days of receiving the Commission's decision. On March 9, the circuit court held a hearing on the employer's motion to dismiss where the claimant's counsel tendered an affidavit dated March 9, wherein he stated that "[o]n November 13, 2017, [the claimant's] attorneys sent their Notice of Intent to File for Review in the Circuit Court to the Illinois Workers' Compensation Commission" and provided a file-stamped copy of the notice of intent filed with the Commission dated December 15. The documents demonstrating that the claimant mailed the Commission a notice of intent within 20 days was not filed with the court within the required 20-day period. Therefore, the court lacked subject-matter jurisdiction over the claimant's petition for review.

¶ 23 As a final matter, we note the cases the claimant relies on in support of her position are inapposite. See *Hagemann v. Illinois Workers' Compensation Comm'n*, 399 Ill. App. 3d 197, 203 (2010) (there is no requirement that a summons *must issue* within the 20-day period under section 19(f)(1)); see also *Jones v. Industrial Comm'n*, 188 Ill. 2d 314, 316 (1999) (although the claimant exhibited proof of payment for the probable cost of the record *after* filing his request for summons, all of the required documents under section 19(f)(1) were filed within the required 20-day period and invoked the circuit court's jurisdiction).

¶ 24 Therefore the trial court did not err as a matter of law when it dismissed the claimant's petition for review for lack of subject-matter jurisdiction.

¶ 25 CONCLUSION

¶ 26 For the foregoing reasons, we affirm the judgment of the circuit court of McLean County dismissing the claimant's petition for lack of jurisdiction.

¶ 27 Affirmed.