2020 IL App (3d) 0088WC-U

No. 3-19-0088WC

Order filed March 18, 2020

NOTICE: This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

WORKERS' COMPENSATION COMMISSION DIVISION

_____

| | | |
|---|---|---|
| LAWRENCE WILLIAMS, | ) | Appeal from the Circuit Court |
| | ) | of La Salle County, |
|     Appellant/Cross-Appellee, | ) | |
| | ) | |
| v. | ) | Nos. 17-MR-344, 17-MR-365 |
| | ) | |
| THE ILLINOIS WORKERS' COMPENSATION | ) | |
| COMMISSION *et al.*, | ) | |
| | ) | |
| | ) | Honorable |
| (Illinois Cement Company, LLC, | ) | Troy D. Holland, |
| Appellee/Cross-Appellant.) | ) | Judge, Presiding. |

_____

JUSTICE CAVANAGH delivered the judgment of the court.
Presiding Justice Holdridge and Justices Hoffman, Hudson, and Barberis concurred in the judgment.

**ORDER**

¶ 1    *Held:*  A circuit court lacks subject-matter jurisdiction to review a decision by the Illinois Workers' Compensation Commission (Commission) unless the party seeking review files with the circuit court, within 20 days after receiving the Commission's decision, either (1) proof of having filed with the Commission a notice of intent to

file for review in the circuit court or (2) an affidavit by the party's attorney that such a notice of intent had been given in writing to the secretary or assistant secretary of the Commission.

¶ 2 The Illinois Workers' Compensation Commission (Commission) found that, contrary to one of his claims, petitioner, Lawrence Williams, suffered no cervical injury on May 9, 2011, in the course of his employment with respondent, Illinois Cement Company, LLC. The circuit court of La Salle County reversed the Commission's decision, finding it to be against the manifest weight of the evidence, and remanded the case to the Commission. On remand, the Commission issued a corrected decision, which the court afterward confirmed. The parties cross-appeal.

¶ 3 We conclude that the circuit court lacked subject-matter jurisdiction to review the Commission's original decision. Therefore, we vacate the Commission's corrected decision as well as the two judgments by the circuit court. By doing so, we effectively reinstate the Commission's original decision.

¶ 4 I. BACKGROUND

¶ 5 A. The Litigation Leading up to the Present Actions for Administrative Review

¶ 6 Petitioner filed two claims with the Commission. One of the claims, case No. 11-WC-37451, alleged an elbow injury with an accident date of July 29, 2010. The other claim, case No. 11-WC-34038, alleged a neck injury with an accident date of May 9, 2011.

¶ 7 The two claims were consolidated for arbitration, and the arbitrator, after hearing the evidence, found that on July 29, 2010, there was a work-related accident and that the epicondylitis, or swelling of the tendons, in petitioner's left elbow was causally related to that accident. Therefore, in case No. 11-WC-37451, the arbitrator awarded relief to petitioner (though not as much relief as he had sought), namely, medical expenses for the left elbow and a 10% loss

of use of the left arm.

¶ 8        Respondent, however, prevailed in the other claim. The arbitrator was unconvinced that petitioner suffered a work-related accident on May 9, 2011, and that his cervical condition had anything to do with his job-related activities that day. Therefore, the arbitrator found in respondent's favor and against petitioner in case No. 11-WC-34038.

¶ 9        Both parties petitioned the Commission to review the arbitrator's decision. On March 9, 2015, the Commission "affirm[ed] and adopt[ed] the Arbitrator's decision relating to case 11 WC 34038," the neck case, "finding Petitioner failed to prove a work-related accident occurring on May 9, 2011." *Williams v. Illinois Cement Co.*, Ill. Workers' Comp. Comm'n, No. 15-WC-0161 (Mar. 9, 2015). The Commission issued a separate decision for case No. 11-WC-37451, the elbow case.

¶ 10       On March 27, 2015, in La Salle County case No. 15-MR-126, petitioner filed a "Notice of Commencement of Request to Review the Decision of the Illinois Workers' Compensation Commission" (Notice of Commencement). He requested the circuit court to "review the Decisions of the Illinois Workers' Compensation Commission in case numbers 11 WC 34038 (15 IWCC 161) and 11 WC 37451 (15 IWCC 167) which were entered on March 9, 2015 and received by Petitioner on March 19, 2015." In short, he sought judicial review of both the neck case and the elbow case. Accordingly, summonses were issued and served upon the Commission and respondent. On August 25, 2016, the court decided that the Commission's denial of petitioner's claim arising out of the alleged workplace accident of May 9, 2011, was against the manifest weight of the evidence. Therefore, the court reversed the Commission's decision in case No. 15-WC-0161, the neck case, and remanded the case to the Commission.

¶ 11       On August 10, 2017, on remand, the Commission, in obedience to the circuit

court's judgment (with which it respectfully disagreed), found that petitioner suffered a work-related accident on May 9, 2011, and that his cervical condition was causally related to that accident. The Commission further found that petitioner reached maximum medical improvement as of January 8, 2013, and that he had failed to prove he was permanently and totally disabled. The Commission awarded him temporary total disability benefits through January 8, 2013, and found he had sustained a 25% loss of use of the man as a whole.

¶ 12        The parties received the Commission's decision on September 12, 2017, and before the end of the month, both parties filed in the circuit court a request for judicial review. They did so by requesting the circuit clerk to issue summonses to the Commission and the opposing party. See 820 ILCS 305/19(f)(1) (West 2016)) (providing that "the Circuit Court of the County where the accident occurred, shall by summons to the Commission have power to review all questions of law and fact presented by such record"). Petitioner's request of September 14, 2017, for the issuance of summonses became La Salle County case No. 17-MR-344, and respondent's request of September 27, 2017, for the issuance of summonses became La Salle County case No. 17-MR-365.

¶ 13        Summonses in case No. 17-MR-344 were issued on September 15, 2017. Summonses in case No. 17-MR-365 were issued on September 27, 2017.

¶ 14        To recapitulate thus far, petitioner appealed the Commission's original decision in both the neck case and the elbow case. The circuit court reversed the Commission's decision in the neck case and remanded the case to the Commission. On remand, the Commission issued a corrected decision in the neck case. Both parties then appealed the Commission's corrected decision, resulting in two circuit court cases.

¶ 15                    B. Respondent's Motion for Dismissal on the
                        Ground of a Lack of Subject-Matter Jurisdiction

- 4 -

¶ 16    On March 7, 2018, in both cases, La Salle County case Nos. 17-MR-344 and 17-MR-365, respondent moved for "an order dismissing the [petitioner's] Written Request for Summons with Prejudice pursuant to 735 ILCS 5/2-619," on the ground that when requesting the issuance of a summons, petitioner failed to file with the circuit clerk a copy of the "notice of intent" he had filed with the Commission. Such a filing, respondent contended, was required by section 19(f)(1) of the Workers' Compensation Act unless an attorney's affidavit were filed (which was not filed):

> "No request for a summons may be filed and no summons shall issue unless the party seeking to review the decision of the Commission shall exhibit to the clerk of the Circuit Court proof of filing with the Commission of the notice of the intent to file for review in the Circuit Court or an affidavit of the attorney setting forth that notice of intent to file for review in the Circuit Court has been given in writing to the Secretary or Assistant Secretary of the Commission." *Id.*

¶ 17    Invoking that statutory provision, count I of the motion for dismissal alleged that in case No. 15-MR-126, when requesting the circuit court to issue summonses, petitioner had "fail[ed] to exhibit the notice of intent as required by statute." And to prove that failure, respondent attached to its motion a printout of the docket sheet from case No. 15-MR-126. Nowhere in the docket sheet was there any mention that a notice of intent or an attorney's affidavit had been filed.

¶ 18    In count II of its motion for dismissal, respondent alleged that the record in case No. 17-MR-344 displayed the same omission. Respondent provided the docket sheet from that case, and this docket sheet likewise lacked any mention that a notice of intent or an attorney's affidavit had been filed.

¶ 19            Petitioner argued that, even so, the motion for dismissal lacked merit.

¶ 20            In opposition to count I of the motion for dismissal, petitioner's attorney produced, as exhibit No. 1, a copy of the notice of intent he had filed with *the Commission* on March 23, 2015. He represented, in an unsworn memorandum, that this notice of intent had been attached, all along, to the Notice of Commencement that he filed with the circuit clerk on March 27, 2015.

¶ 21            In opposition to count II of the motion for dismissal, petitioner's attorney pointed out that on September 14, 2017, in case No. 17-MR-344, he filed with the circuit clerk a document (which was unsworn) titled "Certiorari—Workers' Compensation." In that document, he had stated, above his signature: "[Petitioner] has filed his Notice of Intent to File for Review in Circuit Court with the Illinois Workers' Compensation Commission on September 14, 2017."

¶ 22            The circuit court was persuaded by petitioner's arguments and denied both counts of the motion for dismissal. The court denied count I because, in its review of the record, the court found that petitioner "ha[d] complied with [section 19(f)(1)] by filing with the [c]ircuit [c]lerk the file stamped 'Notice of Intent' filed with the Commission in regard to [case No. 15-MR-126]." The court denied count II, "in regard to [case No. 17-MR-344]," for the following reason:

> "While the record does not indicate that an actual file stamped copy of [a] 'Notice of Intent" was filed with the [c]ircuit [c]lerk, the Court finds [petitioner's attorney's] statement that [petitioner] 'has filed his Notice of Intent to File for Review in Circuit Court with the Illinois Workers' Compensation Commission on September 14, 2017[,]' acts as certification of the attorney under Illinois Supreme Court Rule 137 [(eff. July 1, 2013)] and is sufficient to 'exhibit to the Circuit

Clerk proof of filing with the Commission.' "

¶ 23                                    II. ANALYSIS

¶ 24          A circuit court lacks subject-matter jurisdiction to review a decision by the Commission unless the party seeking review files with the circuit court, within 20 days after receiving the Commission's decision, either (1) proof of having filed with the Commission a notice of intent to file for review in the circuit court or (2) an affidavit by the party's attorney that such a notice of intent had been given in writing to the secretary or assistant secretary of the Commission. *Conway v. Illinois Workers' Compensation Comm'n*, 2019 IL App (4th) 180285WC, ¶ 22.

¶ 25          Respondent alleged, in its section 2-619 motion for dismissal (see 735 ILCS 5/2-619 (West 2016)), that petitioner did neither of those things in case Nos. 15-MR-126 and 17-MR-344, and respondent provided docket sheets to back up its allegation, as the movant was required to do. Respondent had the initial burden of going forward on its motion for dismissal by presenting "materials of the same nature as are used to support motions for summary judgment." (Internal quotation marks omitted.) *Kedzie & 103rd Currency Exchange v. Hodge*, 156 Ill. 2d 112, 116 (1993). Supporting materials might include public records of which courts took judicial notice (*Advocate Health & Hospitals Corp. v. Bank One, N.A.*, 348 Ill. App. 3d 755, 759 (2004)), such as docket sheets (see *City of East St. Louis v. Touchette*, 14 Ill. 2d 243, 249 (1958)). The docket sheet from case No. 15-MR-126, which respondent presented in support of its section 2-619 motion, tended to prove that within the 20-day period after March 19, 2015, when petitioner received the Commission's original decision, he never filed with the circuit clerk either (1) a notice of intent file-stamped by the Commission or (2) an attorney's affidavit (see 820 ILCS 305/19(f)(1) (West 2016)).

¶ 26 To be sure, as the circuit court observed in its denial of respondent's motion for dismissal, petitioner *eventually* filed with the circuit clerk a notice of intent file-stamped by the Commission: He filed it as an exhibit to his memorandum in opposition to the motion for dismissal. But by that time, however, the 20-day period had long expired. See *Conway*, 2019 IL App (4th) 180285, ¶ 22. The docket entries in case No. 15-MR-126 falling within the 20-day period of March 19, 2015, to April 8, 2015, make no mention of either a notice of intent or an attorney's affidavit—justifying a conclusion that neither was filed during that period. Respondent carried its burden of coming forward with sufficient evidence.

¶ 27 Consequently, the burden of coming forward shifted to petitioner: He was obliged to "submit similar material" (4 Richard A. Michael, Illinois Practice, Civil Procedure Before Trial § 41:8 (2d ed. 2010))—that is, material that would have been admissible in a summary-judgment hearing (see *Kedzie*, 156 Ill. 2d at 116)—"in an attempt to establish that the asserted defense is unfounded or requires resolution of an essential element of material fact before it is proven" (4 Michael, *supra* § 41:8). It is difficult to imagine anything that would serve the purpose other than one of the two documents described in the passage of section 19(f)(1) quoted earlier, a document having the circuit clerk's stamp impressed on it within the jurisdictional 20-day period. See *Conway*, 2019 IL App (4th) 180285, ¶ 22. Petitioner did not submit a notice of intent bearing the file stamps of both the Commission and the circuit clerk. Nor did he submit an attorney's affidavit bearing the circuit clerk's file stamp. Instead, he submitted a notice of intent that bears *the Commission's* file stamp but lacks *the circuit clerk's* file stamp. And he submitted his attorney's unsworn written representation that this notice of intent was attached to the Notice of Commencement all along—even though the Notice of Commencement, in its text, gives no hint that a notice of intent was attached.

¶ 28 By presenting those materials, petitioner failed to carry his burden of coming forward with sufficient evidence. See *Kedzie*, 156 Ill. 2d at 116 ("materials of the same nature as are used to support motions for summary judgment" (internal quotation marks omitted)); *In re Marriage of Colangelo & Sebela*, 355 Ill. App. 3d 383, 393 (2005) ("Unsworn, unverified statements may not be considered in ruling on a motion for summary judgment."). Because petitioner failed to carry his shifted burden of coming forward, we hold, *de novo*, that the circuit court erred by denying respondent's motion for dismissal on the ground of lack of subject-matter jurisdiction. See 820 ILCS 305/19(f)(1) (West 2016); *Van Meter v. Darien Park District*, 207 Ill. 2d 359, 377 (2003) (holding that the plaintiff's failure to carry the shifted burden justifies the granting of the section 2-619 motion and the dismissal of the action); *Conway*, 2019 IL App (4th) 180285WC, ¶ 22; *Glasgow v. Associated Banc-Corp*, 2012 IL App (2d) 111303, ¶ 11 (holding that review of denial of a section 2-619 motion for dismissal is *de novo*).

¶ 29 "A judgment that lacks subject-matter jurisdiction is void [citation] and must be vacated ***." *Waterhouse v. Robinson*, 2017 IL App (4th) 160433, ¶ 20. The circuit court lacked subject-matter jurisdiction to reverse and remand the Commission's original decision, because petitioner failed, within 20 days after receiving that decision, to file either (1) proof of having filed with the Commission a notice of intent to file for review in the circuit court or (2) an attorney's affidavit that such a notice of intent had been given in writing to the secretary or assistant secretary of the Commission. See *Conway*, 2019 IL App (4th) 180285WC, ¶ 22. Hence, the Commission's original decision, that is to say, its decision of March 9, 2015, in case No. 15-IWCC-0161, is "conclusive" (820 ILCS 305/19(f) (West 2016)), and the judgments that came after the Commission's original decision are void (see *Waterhouse*, 2017 IL App (4th) 160433, ¶ 20).

¶ 30                             III. CONCLUSION

¶ 31          We vacate the circuit court's judgments of August 25, 2016, and February 7,

2019, as well as the Commission's corrected decision of August 10, 2017 (issued in obedience to

the void judgment of August 25, 2016).

¶ 32          Circuit court judgments vacated.
              Commission's corrected decision vacated.