2020 IL App (1st) 191951WC-U
No. 1-19-1951WC
Order filed June 12, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

WORKERS' COMPENSATION COMMISSION DIVISION

| | | |
|---|---|---|
| BARBARA R. MILLER, | ) | Appeal from the Circuit Court |
| | ) | of Cook County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 19-L-50284 |
| | ) | |
| THE ILLINOIS WORKERS' | ) | |
| COMPENSATION COMMISSION, | ) | |
| | ) | Honorable |
| (City of Chicago, Defendant- | ) | James McGing, |
| Appellee). | ) | Judge, Presiding. |

JUSTICE HUDSON delivered the judgment of the court.
Presiding Justice Holdridge and Justices Hoffman, Cavanagh, and Barberis concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Claimant's failure to comply with Illinois Supreme Court rules resulted in forfeiture of issue raised on appeal. Forfeiture aside, the circuit court lacked subject-matter jurisdiction to review the decision of the Illinois Workers' Compensation Commission where claimant failed to exhibit to the clerk of the circuit court, within 20 days after receiving the Commission's decision, either (1) proof of having filed with the Commission a notice of intent to file for review in the circuit court or (2) an affidavit setting forth that notice of intent to file for review in the circuit court had been given in writing to the secretary or assistant secretary of the Illinois Workers' Compensation Commission.

¶ 2 Claimant, Barbara R. Miller, appeals *pro se* from an order of the circuit court of Cook County granting the motion of respondent, City of Chicago, to dismiss her proceeding for review for want of subject-matter jurisdiction for failure to strictly comply with section 19(f)(1) of the Workers' Compensation Act (Act) (820 ILCS 305/19(f)(1) (West 2018)). We affirm.

¶ 3 Claimant filed an application for adjustment of claim alleging that she sustained an injury to her lower back on August 17, 2012, while working for respondent. The matter proceeded to a hearing before an arbitrator early in 2018. At that time, claimant was represented by counsel. On March 5, 2018, the arbitrator denied claimant's application for benefits, finding that she lacked credibility and failed to meet her burden of proof on the issues of accident and causal connection. On March 29, 2018, claimant filed a *pro se* petition for review of the arbitrator's decision before the Illinois Workers' Compensation Commission (Commission). In a decision dated May 17, 2019, the Commission affirmed and adopted the decision of the arbitrator. On or about May 29, 2019, claimant filed *pro se* a "Civil Action Cover Sheet—Case Initiation" and a request for summons in the circuit court. The summons was issued the following day.

¶ 4 On August 15, 2019, respondent filed a motion to dismiss claimant's proceeding for review for failure to file with the circuit court within 20 days of receiving the Commission's decision proof that a notice of intent was filed with the Commission or an affidavit setting forth that notice of intent to file for review in the circuit court had been given to the secretary or assistant secretary of the Commission. Respondent argued that such proof was required under section 19(f)(1) of the Act (820 ILCS 305/19(f)(1) (West 2018)) to vest the circuit court with jurisdiction.

¶ 5 On August 27, 2019, the circuit court granted respondent's motion to dismiss. The court concluded that it lacked jurisdiction over claimant's proceeding for review because claimant failed

to exhibit to the circuit court within 20 days of receipt of the Commission's decision proof that she filed with the Commission a notice of intent to file for review in the circuit court or an affidavit setting forth that notice of intent to file for review in the circuit court had been given to the secretary or assistant secretary of the Commission. This appeal by claimant ensued.

¶ 6     On appeal, claimant does not address the circuit court's decision granting respondent's motion to dismiss. Rather, she claims that a "substantial 'clerical error' made by a Clerk in Civil Appeals" prevented her from challenging the bases for the arbitrator's decision that she failed to meet her burden of proof on the issues of accident and causal connection. Respondent argues that the circuit court did not err as a matter of law when it dismissed claimant's proceeding for review for want of subject-matter jurisdiction because claimant did not strictly comply with section 19(f)(1) of the Act. Respondent further argues that the Commission's decision should be affirmed on the merits as its findings on the issues of accident and causal connection are not against the manifest weight of the evidence.

¶ 7     At the outset, we note that claimant is proceeding *pro se*. It is well established that "*pro se* litigants are presumed to have full knowledge of applicable court rules and procedures and must comply with the same rules and procedures as would be required of litigants represented by attorneys." *In re Estate of Pellico*, 394 Ill. App. 3d 1052, 1067 (2009). Among these rules and procedures are those contained in Illinois Supreme Court Rule 341, which sets forth the form and content requirements of appellate briefs. Ill. S. Ct. R. 341 (eff. May 25, 2018). Rule 341(h)(7) provides that an argument raised on appeal must contain "the contentions of the appellant and the reasons therfor, with citation of the authorities and the pages of the record relied on." Ill. S. Ct. R. 341(h)(7) (eff. May 25, 2018). Furthermore, under Rule 341(h)(7), a reviewing court is entitled to

have issues clearly defined, with "cohesive arguments" presented and pertinent authority cited. *Obert v. Saville*, 253 Ill. App. 3d 677, 682 (1993). An appellant forfeits any contention that is undeveloped or is not supported by argument or by citation to authority. Ill. S. Ct. R. 341(h)(7) (eff. May 25, 2018); *In re Marriage of Woodrum*, 2018 IL App (3d) 170369, ¶ 63; *Obert*, 253 Ill. App. 3d at 682.

¶ 8      By failing to argue that the circuit court erred by dismissing her proceeding for review for lack of subject-matter jurisdiction, claimant forfeited any argument concerning the propriety of the dismissal. Ill. S. Ct. R. 341(h)(7) (eff. May 25, 2018) ("Points not argued are forfeited and shall not be raised in the reply brief, in oral argument, or on petition for rehearing."). We also find that claimant's brief does not comport with Rule 341(h)(7). Claimant cites but one case in the body of her brief and does not reference the pages of the record relied on at all. More significantly, claimant does not clearly define the issue she wishes to raise on appeal or present any cohesive arguments in support of her claim of error. Rather, her brief consists almost entirely of a rambling and unclear recitation of her interpretation of the facts interspersed with unsupported conclusions. It was claimant's burden to show error in the proceedings below on the issues she is appealing. *TSP-Hope, Inc. v. Home Innovators of Illinois, LLC*, 382 Ill. App. 3d 1171, 1173 (2008). The undeveloped and unsupported allegations raised by claimant in this appeal are insufficient to carry that burden. Given claimant's failure to comply with Illinois Supreme Court rules, we conclude that claimant forfeited any issue on appeal. Ill. S. Ct. R. 341(h)(7) (eff. May 25, 2018); *Woodrum*, 2018 IL App (3d) 170369, ¶ 63 (noting that the failure to develop an argument and provide any authority in support of a contention results in forfeiture of the issue on appeal).

¶ 9     Forfeiture aside, we conclude that the circuit court correctly determined that it lacked jurisdiction to consider claimant's proceeding for review. While Illinois courts are courts of general jurisdiction and enjoy a presumption of subject-matter jurisdiction, that presumption does not extend to workers' compensation proceedings. *Conway v. Illinois Workers Compensation Comm'n*, 2019 IL App (4th) 180285WC, ¶ 12; *Kavonious v. Industrial Comm'n*, 314 Ill. App. 3d 166, 169 (2000). Rather, courts in workers' compensation proceedings exercise "special statutory jurisdiction" and strict compliance with the Act is required to vest the circuit court with subject matter jurisdiction. *Conway*, 2019 IL App (4th) 180285WC, ¶ 12; *Kavonious*, 314 Ill. App. 3d at 169. Whether the circuit court possesses jurisdiction to review an administrative decision presents a question of law, which we review *de novo*. *Illinois State Treasurer v. Illinois Workers' Compensation Comm'n*, 2015 IL 117418, ¶ 13.

¶ 10    Judicial review of decisions by the Commission is governed by section 19(f)(1) of the Act (820 ILCS 305/19(f)(1) (West 2018)). The provisions relevant to this case provide as follows:

> "A proceeding for review shall be commenced within 20 days of the receipt of notice of the decision of the Commission. The summons shall be issued by the clerk of such court upon written request returnable on a designated return day, not less than 10 or more than 60 days from the date of issuance thereof, and the written request shall contain the last known address of other parties in interest and their attorneys of record who are to be served by summons.
>
> \*\*\*
>
> No request for a summons may be filed and no summons shall issue unless the party seeking to review the decision of the Commission shall exhibit to the clerk of the Circuit

Court proof of filing with the Commission of the notice of intent to file for review in the Circuit Court or an affidavit of the attorney setting forth that notice of intent to file for review in the Circuit Court has been given in writing to the Secretary or Assistant Secretary of the Commission." 820 ILCS 305/19(f)(1) (West 2018).

Thus, to vest jurisdiction in the circuit court, the party seeking review of the Commission's decision must strictly comply with the requirements of section 19(f)(1) within the required 20-day period. *Conway*, 2019 IL App (4th) 180285WC, ¶ 21. Failure to do so divests the trial court of subject matter jurisdiction over a proceeding for review. *Conway*, 2019 IL App (4th) 180285WC, ¶ 22.

¶ 11    The Commission issued its decision in this matter on May 17, 2019. The record does not indicate the precise date claimant received notice of the Commission's decision. However, on May 29, 2019, 12 days after the Commission issued its decision, claimant initiated a proceeding for review. Thus, claimant clearly had notice of the Commission's decision by May 29, 2019. Evaluating the claim in a manner most favorable to claimant and assuming claimant did not receive notice of the Commission's decision until May 29, 2019, she was required to comply with the requirements set forth in section 19(f)(1) by June 18, 2019, which was 20 days after she received notice of the Commission's decision.  Yet, the record before us on appeal is devoid of any evidence that, within this 20-day period, claimant exhibited to the circuit court proof of filing with the Commission of a notice of intent to file for review in the circuit court or an affidavit setting forth that notice of intent to file for review in the Circuit Court had been given in writing to the secretary or assistant secretary of the Commission. Given these circumstances, the circuit court properly

determined that it lacked subject-matter jurisdiction over claimant's proceeding for review. Thus, we find no error here.

¶ 12     For the reasons set forth above, we affirm the judgment of the circuit court of Cook County, which granted respondent's motion to dismiss claimant's proceeding for review for lack of subject-matter jurisdiction.

¶ 13     Affirmed.